Quinn *v.* Pershing (et al., Appellant).

Submitted April 17, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Samuel E. Grant,* for appellants.

*Thomas J. Mullaney, John M. McNally, Jr.,* and *C. Dick Cable,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 21, 1951:

Plaintiffs, a leather workers union affiliated with the American Federation of Labor, have instituted this action of libel against three defendants, viz.: one George Pershing, the local leather workers union in Forest County and the International Leather Workers Union whose main offices are in New York State and whose regional offices are in Williamsport, Pennsylvania. The International Union is affiliated with the Congress of Industrial Organizations. The cause of action arose from certain alleged libelous statements originating in Williamsport, Pennsylvania, allegedly made by defendants concerning plaintiff-union in a labor election where it was to be determined whether the employes desired to be represented by the American Federation of Labor or by no union. The employes voted, by a narrow margin, to be represented by no union.

Defendant International was served in this action by handing a copy of the complaint to defendant Pershing who plaintiffs maintain was an officer of defendant International in charge of its "business" office or place of carrying on its organizational activities at Williamsport, Pennsylvania. The sole question raised by preliminary objections is whether the defendant, International Union, was properly served. The court below dismissed the objections. Defendant appealed pursuant to the Act of March 5, 1925 P. L. 23, sec. 1, 12 PS 672 and Pa. R. C. P. 1451 (b) (7).

The printed record consists of the docket entries and a portion of the opinion of the court below. It

does not contain, *inter alia,* the pleadings, the preliminary objections, a history of the case or the complete opinion of the court below. As such it is wholly inadequate. We have been obliged to review the original record. As no motion has been made to quash because of the obvious violation of our rules, we have decided to review the proceeding.

In order to secure service upon the International Union, defendant, (hereinafter designated as defendant), in Williamsport, the sheriff of Forest County deputized the sheriff of Lycoming County to make the service in that county. The sheriff of Lycoming County made the following return: "Williamsport, Pa., September 27, 1948 at 2:45, P. M., served the within Complaint in Trespass for Libel upon George O. Pershing, in his capacity as individual defendant and also in his capacity as agent of the International Fur and Leather Workers Union of the United States and Canada, affiliated with the Congress of Industrial Organizations, by handing true and attested copies of the same to him at 304 W. 4th St., Williamsport, Pa., and by making known to him the contents thereof, personally.

"So Answers, Joseph M. Schmucker." An appearance was thereupon entered for defendant. Upon defendant's motion to strike off the complaint, an amended complaint was filed by permission of the court. Defendant filed preliminary objections to the amended complaint, questioning the validity of service upon defendant, which the court dismissed. This appeal followed.

Service upon defendant was made pursuant to Pennsylvania R. C. P. 2157 which provides: "(a) Service of process upon an officer or a registered agent of an association, or upon the manager, clerk or other person for the time being in charge of any place where such association regularly conducts any business or association activity shall be deemed service upon the

association, provided that the person served is not a plaintiff in the action." Appellant contends that such a rule violates the privileges and immunities clause of Article IV sec. 2 of the United States Constitution and the due process clause of the fourteenth amendment of the United States Constitution and the Pennsylvania Constitution, Article I, sec. 9. Although not included in its Statement of Questions Involved, appellant apparently contends also that Pershing was not a duly authorized agent of the union upon whom service could be made so as to bind the union with service.

Discussing appellant's last contention first, the record reveals that Pershing was such "officer" or ". . . manager, clerk or other person for the time being in charge of any place where such association regularly conducts any business. . . ." as contemplated by Rule 2157. The court below stated:

"George O. Pershing was served at 304 West Fourth Street, Williamsport, Pennsylvania, the business address of the defendant-International, and, at the time and place of service, George O. Pershing was the person in charge. It was argued that a mere address, such as 304 West Fourth Street, Williamsport, Pennsylvania, might not refer to the place of business of the defendant-International now under consideration. However, the stationery of the International Fur and Leather Workers Union of the United States and Canada is actually given as 304 West Fourth Street, Williamsport 5, Pennsylvania. Obviously, this can mean but one thing, and that is this defendant-International did have an office for the transaction of business at the address as given by the Sheriff's return. A letter dated July 9, 1948, discloses that George O. Pershing is 'District Manager' whose territory covers all of the State of New York and one-half of Pennsylvania. Again, the letter discloses a statement by George O. Pershing that he was 'an official' of this defendant-In-

ternational. These facts, which are in the record, place George O. Pershing, not in the category of an employee but an official, and, in addition, also a 'person for the time being in charge of any place where such association regularly conducts any business or association activity'."

Nor does Pa. R. C. P. 2157 violate the privileges and immunities clause of Article IV sec. 2 of the United States Constitution or the due process clause of either the United States Constitution or the Pennsylvania Constitution.

The answer to defendant's contention is found in *Stoner v. Higginson et al.,* 316 Pa. 481, 175 A. 527. While the *precise* procedural rule in question was not there before the Court, however, two statutes which provided for service upon nonresident individuals doing business in Pennsylvania were attacked as unconstitutional. The statutes provided for service upon the agent or clerk of such defendant at the usual place of business in Pennsylvania provided actual notice in writing was given to defendant. That decision and the reasons given govern this case. While perhaps technically a labor union cannot be said to carry on "business", there is no substantial difference between the business carried on by a nonresident individual in Pennsylvania and the organizational activities carried on by a nonresident unincorporated association in this state. The cause of action arose from those activities carried on by defendant in this Commonwealth. It will serve no useful purpose to repeat what was well stated in *Stoner v. Higginson et al.,* supra. The conclusions of the Court were stated as follows: "First, that the statutes attacked do not abridge the privileges or immunities of citizens of the United States. A citizen of another state has no cause to complain when Pennsylvania imposes the conditions it has imposed on his doing business here, and which are precisely like those

imposed on its own citizens. If a resident of another part of Pennsylvania maintained an office and agent in Allegheny County, he could be sued in that county in actions in personam and he would have to respond to the process served on his agent, and defend a suit in that county though it might be hundreds of miles from his place of residence. A nonresident of Allegheny County who happens to reside, for example, in New York State has no more cause to complain of this statute than has a nonresident of Allegheny County who may reside in eastern Pennsylvania only a short distance from the New York State line.

"Secondly, that appellants' claim of denial of due process of law is not well founded." * * *

"If, as in Hess v. Pawloski, supra (274 U. S. 352), a service of Massachusetts judicial process can be obtained upon a resident of Pennsylvania in an action for damages arising from an automobile collision in Massachusetts between his car and another car, by serving an official of Massachusetts, without violating the due process of law command of the federal Constitution, we see no reason why a writ issuing out of the Court of Common Pleas of Allegheny County, Pennsylvania, on a cause of action arising in this Commonwealth cannot be served upon residents of New York State by serving their designated agent residing in and doing business for them within the jurisdiction of that court." See *Henry L. Doherty & Co. v. Goodman,* 294 U. S. 623; *Bobe v. Lloyds et al.,* 10 Fed. 2d 730; *Operative Plasterers', Etc., Ass'n v. Case,* 93 Fed. 2d 56 (2d case); *Wilson & Co. Inc. v. United Packinghouse Workers of America,* 83 Fed. Supp. 162; Beale, Conflict of Laws Sec. 86.2, 84.3 at p. 363. Cf. *Sugg v. Hendrix,* 142 Fed. 2d 740.

Any argument that Pershing was not a registered agent is answered in *Stoner v. Higginson et al.,* supra, as follows, p. 488: "The answer to that is that Gilliland

432

[the registered agent] would be equally subject to service of this writ, as defendants' agent, even if there had been no designation of him as such under the Fictitious Names Act or if there had been no such act. He was their agent *in fact* when he was served. . . His being registered as such merely facilitates the proof."

Order affirmed. Costs to abide the event.