## Young, Appellant *v.* Mathews Trucking Corporation.

Argued November 18, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Clyde P. Bailey,* with him *James B. Ceris, Thomas J. Dempsey* and *Weller, Wicks & Wallace,* for appellants.

*Oran W. Panner,* with him *Thompson Bradshaw* and *Bradshaw & Panner,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, January 3, 1956:

This was a petition to strike off a judgment entered by default. It necessarily had to do with the regularity of the record under admitted facts, and could not be based upon any equities of the situation. The court declined to strike off the judgment but opened it, and the plaintiffs appealed.

This appeal is by the plaintiffs and not by the defendant, and there is not before this Court the validity of the ruling of the court below refusing to strike off the judgment: *Bowser v. Citizens Light, Heat & Power Company,* 267 Pa. 483, 489, 110 A. 372; *Miller v. Wayne Title & Trust Company,* 154 Pa. Superior Ct. 329, 338, 35 A. 2d 786.

Without the consent or even the knowledge of the parties, the court below converted the rule to strike into a rule to open, and thereupon made the rule absolute. This was error: *Hamborsky v. Magyar Presbyterian Church (No.1),* 78 Pa. Superior Ct. 519. See also *Nixon v. Nixon,* 329 Pa. 256, 263, 198 A. 154.

Before the court could open the judgment it was necessary for the petition to set forth (1) due diligence;

(2) the grounds for opening the judgment; and (3) the existence of a meritorious defense, by averring the facts upon which the meritorious defense is based: *Planters Nut and Chocolate Company v. Brown-Murray Co., Inc.,* 128 Pa. Superior Ct. 239, 244, 193 A. 381. See also *Britton v. Continental Mining and Smelting Corporation,* 366 Pa. 82, 84, 76 A. 2d 625.

In addition, the appellee in the case at bar entered only a qualified appearance, and to open the judgment he must first submit himself to the jurisdiction of the court.

As was done in *Rome Sales and Service Station v. Finch,* 120 Pa. Superior Ct. 402, 404, 183 A. 54, we make the following order:

Order reversed, without prejudice to the appellee to present in 20 days a petition to the court below to open said judgment; that court to dispose of the same after taking whatever testimony may be necessary.