Farrell *v.* Board of Trustees of the Social Security Fund of the Distillery, Rectifying, Wine and Allied Workers' International Union of America, AFL-CIO, Appellant.

Argued November 11, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Frank Bielitsky,* with him *Meranze, Katz, Spear and Bielitsky,* for appellant.

*Fred Lowenschuss,* with him *Snyder and Lowenschuss,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, October 9, 1970:

Frank J. Farrell obtained a default judgment against the Social Security Fund of the Distillery, Rec-

tifying, Wine and Allied Workers' Union, AFL-CIO, in an action which he brought to recover health and accident benefits allegedly due him on a policy issued by the Fund. This is an appeal by the Fund from its unsuccessful attempt to have the judgment opened or stricken.

The Fund was created by the Union, through a trust agreement, in order to provide health, accident and death benefits for all Union members. Although the Fund provides benefits for members of all the Union's locals, located in about half of the fifty states, its only office is in New Jersey. To act as liaison between the Fund and the members of Local 136, a "Welfare Representative," Harry Newman, was appointed by the Board of Trustees of the Fund, upon recommendation of the Local.[1] The Fund paid Newman approximately $150.00 per month for his services as the welfare representative, but Newman's duties were *actually* performed through the Philadelphia office of Local 136, by Samuel Jacobs, the Local's business representative, and by Mrs. DeAngelo, Jacob's secretary.

In essence, these duties consisted of processing the benefit claims which were made by the Local's members against the Fund. A union member who had a claim to make would notify Jacobs, at the Philadelphia office, who would send the member a hospitalization form to be completed by the claimant and returned to Jacobs. The completed form, with any relevant attachments, would then be forwarded by Jacobs to the Fund's central office in New Jersey. If the Fund accepted the claim it would send a check, made payable to the claimant, to Newman at the offices of Local 136. Jacobs or Mrs. DeAngelo then made a notation of the check, and forwarded it to the union member. Thus,

---

[1] This is apparently the standard procedure throughout the country, each local having its own welfare representative.

the only contact a member normally ever had with the Fund was through the Local 136 office in Philadelphia.

The injuries which form the basis of Farrell's claim against the Fund were incurred in an accident in Philadelphia on December 9, 1963. Farrell tried to settle his claim by the customary procedures, as outlined above, virtually all contacts being made through the Philadelphia office of Local 136. These attempts were unsuccessful, and he began the present action by filing a complaint against the Fund on January 9, 1968. On February 2, 1968, a copy of the complaint was served upon Mrs. DeAngelo at the Philadelphia office of Local 136, and, on April 30, 1968, the default judgment was entered. The Fund now claims that the judgment should be opened because Mrs. DeAngelo was not competent to receive service on behalf of the Fund. We disagree.

Under Pa. R. C. P. 2157(a), personal service upon an unincorporated association, such as the Fund, may be effected by "[s]ervice of process upon . . . the manager, clerk or other person for the time being in charge of any place where such association regularly conducts any business or association activity . . . ." Mrs. DeAngelo was certainly the person in charge of the office at the time of service, so our only question is whether the Philadelphia office of Local 136 may be construed as a place where the Fund regularly conducts "any business or association activity."[2]

---

[2] It is well settled that the only constitutional constraints on service of process are that it must be reasonably calculated to give the served party knowledge of the attempted exercise of jurisdiction and a chance to be heard. *Spica v. International Ladies Garment Workers' Union*, 388 Pa. 382, 130 A. 2d 468 (1957); Restatement, Conflict of Laws, §75. It is clear that Pa. R. C. P. 2157(a) is well tailored to meet these requirements and that any service which is valid within the terms of the rule meets the constitutional requirements. See *Quinn v. Pershing*, 367 Pa. 426, 80 A. 2d 712 (1951).

We think it clear that Local 136's and Mrs. DeAngelo's connections with the Fund were sufficiently close and regular to permit service upon Mrs. DeAngelo to act as service upon the Fund. Although the Fund had a "welfare representative" within the Commonwealth (who we assume would also have been a proper object of service within the terms of Pa. R. C. P. 2157(a)), his duties were actually performed by Samuel Jacobs, Local 136's business agent, and Mrs. DeAngelo, Jacob's secretary. In fact, *all* of the Fund's rather substantial activities in this state were carried out through the Local 136 office and Mrs. DeAngelo. The facts render the service made in this case clearly proper within the terms of Pa. R. C. P. 2157(a).

Appellant also contends that the trial court abused its discretion in refusing to open the judgment because it had offered two meritorious defenses to the action: (1) that Farrell's injury was not covered by the Fund because it was incurred in the course of his employment; and (2) that arbitration was the sole method of resolving disputed claims. We agree with the trial court that both of these defenses are of doubtful validity and do not justify opening the judgment. Farrell's claim against the Fund was pending for five years before he filed suit, and all indications were that the Fund would continue to delay any action with respect to the claim. When a claim is pending as long as this one was, we agree with the trial court that the onus of the failure to investigate and dispose of the merits of the claim rests primarily on the Fund. They neither answered his claim nor did anything else to dispose of it, and they should not now be heard to complain of Farrell's failure to institute arbitration.

We must also note that Farrell did not take a "snap judgment" in this case. Judgment by default was taken only after the Fund studiously ignored the complaint

for over three months and failed to file an answer after being repeatedly asked to do so.

Since we find that the Court of Common Pleas of Philadelphia soundly exercised its discretion, the order is affirmed.

---

DISSENTING OPINION BY MR. JUSTICE JONES:

Several principles of law are well-settled in Pennsylvania with respect to the opening of a judgment. In *Carrier v. William Penn Broadcasting Co.*, 426 Pa. 427, 429, 233 A. 2d 519, 520 (1967), we stated that "[a] petition to open a [default] judgment is an appeal to the equitable side of the court, and the petition must establish equitable considerations which convince the court that justice would best be served by opening the judgment." *Accord, e.g., Kramer v. Philadelphia*, 425 Pa. 472, 229 A. 2d 875 (1967); *Richmond v. A. F. of L. Medical Serv. Plan of Phila.*, 415 Pa. 561, 204 A. 2d 271 (1964). More specifically, "relief will be given to one against whom a default judgment has been taken where a petition is promptly filed, the default reasonably explained or excused, and a defense shown to exist upon the merits . . . ." *Wheel v. Park Bldg.*, 412 Pa. 545, 546, 195 A. 2d 359, 360 (1963). *See* 8 *Standard Pa. Prac.* Ch. 33, §250 (1961). Finally, because a petition to open judgment is addressed to the sound discretion of the court below, we will not disturb that court's disposition of the petition in the absence of either an abuse of discretion or an error of law. *Wenger v. Ziegler*, 424 Pa. 268, 226 A. 2d 653 (1967); *Ehnes v. Wagner*, 388 Pa. 102, 130 A. 2d 171 (1957).

With these standards in mind, we initially must consider the basis for the lower court's finding that the Social Security Fund was properly served with process at the Philadelphia office of Local 136. That office was simply a conduit for the transmission of claims to

the Fund, with Local 136 serving as the liaison between the Fund and the local union members. In order to facilitate communications, the Fund regularly appoints a union member as welfare representative, who works from the local union office, but who is paid by the Fund and who may be discharged by the Fund. Notwithstanding the Fund's protestations to the contrary, and the fact that these services also benefit the union members, the record clearly establishes that the duties of the welfare representatives are performed for the Fund.

The requirements of due process of law mandate that our interpretation of *Pa. R. C. P.* 2157(a) be such that a defendant will be given adequate notice and opportunity to defend against the action. *Simon v. Craft,* 182 U.S. 427 (1901) ; *Quinn v. Pershing,* 367 Pa. 426, 80 A. 2d 712 (1951). We must consider the particular facts of the case at bar to determine whether the record can support the conclusion that the relationship between Local 136 and the Fund "was such as to reasonably assure that there was due notice of a judicial proceeding in the instant case." *Spica v. International Ladies Garment Workers' Union,* 388 Pa. 382, 395, 130 A. 2d 468, 474 (1957). *See Namie v. DiGirolamo,* 412 Pa. 589, 195 A. 2d 517 (1963).

It is clear on the state of this record that Local 136 cannot be considered as operating under the auspices of the Fund, and neither does Local 136 exercise any control or direction over the business of the Fund. Rather, it appears that both of these organizations function as subsidiaries of the Union. It is arguable that, because both the Fund and Local 136 operate to effectuate the purposes of the Union, service of process upon either one of them could be effective service upon the Union. See *Giuliano v. Alitalia Airlines, Inc.,* 218 F. Supp. 78 (E.D. Pa. 1963) ; *Miller v. Kiamesha-*

*Concord, Inc.,* 420 Pa. 604, 218 A. 2d 309 (1966) ; *Myhalyk v. Lewis,* 398 Pa. 395, 158 A. 2d 305 (1960) ; *Wilson v. Northern Ins. Co.,* 211 Pa. Superior Ct. 155, 235 A. 2d 458 (1967). However, this is very different from claiming, as does Farrell, that service at the office of Local 136 constitutes an effective service of process upon the Fund.

Certain duties, purely clerical, are performed at the Philadelphia office of Local 136, but no one at that office has the power to bind the Fund in any way or to exercise any discretion in the performance of these clerical duties. I am of the opinion that the relationship between the Philadelphia office of Local 136 and the New Jersey office of the Fund renders the instant case more closely akin to *Miller v. Kiamesha-Concord, Inc.,* 420 Pa. 604, 218 A. 2d 309 (1966), than to *Spica v. International Ladies Garment Workers' Union,* 388 Pa. 382, 130 A. 2d 468 (1957). Farrell's service upon Mrs. DeAngelo of a copy of his complaint was not sufficient service of process to give the Fund an adequate notice and opportunity to be heard. The default judgment which was entered on April 30, 1968, should be opened and the Fund permitted to plead responsively.

In view of my conclusion that the court below erred in denying opening of the judgment, I would not reach the other issues raised by the Fund.

Mr. Justice Cohen joins in this dissenting opinion.