Ab, Appellant, v. Continental Imports.

Argued June 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Richard J. Gordon,* with him *Dilworth, Paxson, Kalish, Levy & Coleman,* for appellant.

*Harry J. Oxman,* for appellee.

OPINION BY WATKINS, J., September 21, 1971:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County opening a default judgment entered in favor of Overman Ab, the appellant-plaintiff, and against Continental Imports, the defendant-appellee.

Suit was instituted February 24, 1970, seeking Fourteen Thousand Three Hundred and Ninety-two Dollars ($14,392.00) for goods sold and delivered on an open book account. The defendant was properly served with a copy of the complaint and notice to plead within twenty (20) days on February 27, 1970. Harry J. Oxman, Esquire, entered his appearance for the defendant on March 12, 1970, and demanded a jury trial. An extension of thirty (30) days was granted to counsel for the defendant at his request on March 12, 1970.

On April 14, 1970, plaintiff's counsel notified Mr. Oxman that the extension had expired and that default judgment would be taken. Oxman contacted plaintiff's attorney on April 15, 1970, and requested another extension to May 1, 1970, which was granted. Up to this time, there was no mention of illness. Oxman's secretary called plaintiff's attorney on May 8, 1970, and advised him of the illness of Oxman and requested another extension and promised an answer to be filed by May 15, 1970. This was granted.

Oxman was contacted on May 21, 1970, and again assurances were made that an answer would be filed. Then on June 5, 1970, Oxman called stating that he was in the hospital and that one of his partners or associates were preparing an answer. On July 7, 1970, Oxman was again contacted and on July 22, 1970, he was warned that judgment would be taken. On July 31, 1970, Oxman promised an answer within a week. No answer was filed. Judgment was entered on August 19, 1970.

On September 8, 1970, a petition to open the judgment was filed which alleged that the defendant had a "valid defense and counter claim". He did not state upon what the defense or the counter claim was based. The petition was largely based on the contention that "necessary factual research to properly present the defendant's defense and counter-claim" was needed which he was prevented from doing because of illness.

A petition to open judgment is an equitable matter addressed to the sound discretion of the court below and this Court must determine whether the action of the court below in opening this defendant's judgment was an abuse of discretion. *Wenger v. Ziegler*, 424 Pa. 268, 226 A. 2d 653 (1967).

One who petitions to open a confessed judgment must act promptly and aver a meritorious defense. 7 Standard Pennsylvania Practice 50. The action of the court below will not be reversed unless a clear abuse of discretion appears or an error of law committed. *Alliance Discount Corp. v. Shaw*, 195 Pa. Superior Ct. 601, 171 A. 2d 548 (1961).

The appellee acted promptly in filing the petition to open on September 8, 1970, the judgment having been entered on August 19, 1970. However, this was not the run of the mill snap judgment. The appellant had shown great patience and courtesy in accommodating counsel for almost six (6) months after the answer

was due and he did this while under constant pressure from his client as disclosed by the record.

In *Farrell v. Board of Trustees of S. S. Fund,* 440 Pa. 255, 269 A. 2d 890 (1970), the Supreme Court affirmed the action of the court below in refusing to open a default judgment holding at pp. 259-60: "We must also note that Farrell did not take a 'snap judgment' in this case. Judgment by default was taken only after the Fund studiously ignored the complaint for over three months and failed to file an answer after being repeatedly asked to do so."

In *Triolo v. Philadelphia Coca Cola Bottling Co.,* 440 Pa. 164, 270 A. 2d 620 (1970), the Supreme Court said at page 167: "Appellant carefully, and explicitly, preserved his rights. He certainly cannot be foreclosed from exercising them simply because he was courteous and extended the time limits." See also, *Kramer v. Philadelphia,* 425 Pa. 472, 229 A. 2d 875 (1967).

Due diligence is obviously lacking in filing the answer and only the patience and courtesy of the counsel for the appellant kept judgment from being entered at an earlier date. Oxman was in and out of his office during the time he complained of his illness. During the first extensions of time to file no mention of the illness was made. It was not until May 8, 1970, that the illness was mentioned.

The existence of a meritorious defense was stated in the petition but the basis of the alleged defense has never been set forth either in the petition or in the deposition of Attorney Oxman and there seems to be no great complexity in preparing an answer to a complaint for goods sold and delivered on an open book account. The excuses were weak indeed that a part of his delay was due to illness when he had so much time to prepare it and could have had either a partner or an associate assist him. It is so easy to set forth the defense as either the goods delivered conformed to accepted standards or they didn't.

In *Young v. Mathews*, 383 Pa. 464, 119 A. 2d 239 (1956), the Supreme Court said at pp. 465-66: "Before the court could open the judgment it was necessary for the petition to set forth (1) due diligence; (2) the grounds for opening the judgment; and (3) the existence of a meritorious defense, by averring the facts upon which the meritorious defense is based." See also, *Liberty of Pittston v. Degillio*, 406 Pa. 127, 176 A. 2d 446 (1962). A mere technical defense is insufficient. *Krall v. Lebanon Valley Savings & Loan Association*, 277 Pa. 440, 121 A. 405 (1923). The petition to open must not only allege a meritorious defense, but such defenses must be set forth in precise, specific, clear and unmistaken terms. *Young v. Mathews, supra*.

It would have been good practice, especially under the circumstances in this case, if in fact a meritorious defense existed, to have attached an answer setting it forth in the petition to open, but although he prepared the petition to open he never prepared an answer. See *Britton v. Continental Mining & Smelting*, 366 Pa. 82, 76 A. 2d 625 (1950).

The order of the Court of Common Pleas opening the default judgment is reversed.