Westinghouse Credit Corporation, Appellant, *v.* Wenzel.

Argued March 24, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Carl A. Wiker*, with him *Wiker and Duvall*, for appellant.

*Harold B. Fink, Jr.* and *Fink & Young*, submitted a brief, for appellee.

OPINION BY WATKINS, J., April 13, 1972:

This is an appeal from the order of the Court of Common Pleas of Potter County opening a judgment entered by default in favor of Westinghouse Credit Corporation, the plaintiff-appellant, and against Gilbert Wenzel and Richard Wenzel, individually, trading and doing business as Gilbert Wenzel Company, the defendants-appellees.

The plaintiff filed a Writ of Replevin with Bond on December 16, 1969, for certain household appliances delivered to the defendant on a floor plan for which they were not paid. Appliances in the total value of $1,762.75 were seized under the Writ and delivered to the plaintiff leaving a balance alleged to be due of $1,523.50. The balance of the appliances of that value were not found on the premises which was an alleged

violation of the floor plan agreement between the parties.

The plaintiff then filed a complaint on January 5, 1970, demanding payment of $1,523.50 for appliances not replevined and interest of $157.72 plus costs. Preliminary objections were filed on behalf of the defendant on January 16, 1970 and dismissed on July 8, 1970, with the right to the defendant to file new objections which were dismissed on May 25, 1971, with the direction to the defendants to file an answer within twenty (20) days.

Before the twenty (20) days expired, defendant's attorney requested an additional ten (10) days to file an answer which was granted. More than a month after the time plus the extension had expired, the plaintiff entered judgment for default of an answer on August 3, 1971, and filed a Writ of Execution and also Attachment Execution on a bank account. Defendant filed a petition to open judgment on August 7, 1971, and after hearing, the court below opened the judgment and this appeal followed.

The general rule is that one who petitions to open a default judgment must act promptly and aver a meritorious defense. The action of the court below will not be reversed unless a clear abuse of discretion appears or an error of law is committed. *Alliance Discount Corp. v. Shaw,* 195 Pa. Superior Ct. 601, 171 A. 2d 548 (1961). However, in view of the recent Supreme Court cases of *Triolo v. Philadelphia Coca Cola Bottling Co.,* 440 Pa. 164, 270 A. 2d 620 (1970), and *Farrell v. Board of Trustees of S.S. Fund,* 440 Pa. 255, 269 A. 2d 890 (1970); as well as two recent decisions of this Court, *Seltzer v. Ashton Hall Nursing and Convalescent Home,* 221 Pa. Superior Ct. 127, 289 A. 2d 207 (1972) and *Ab v. Continental Imports,* 220 Pa. Superior Ct. 5, 281 A. 2d 646 (1971), a failure to properly explain

delays by the petitioner in following the order of court or procedural rules in filing papers and the failure to set forth a meritorious defense are held to be sufficient to reverse the action of the court below in opening judgments.

As was held in *Triolo,* supra, at page 167: "A petition to open a judgment is an appeal to the court's discretion and this discretion may properly be exercised to grant such a petition if: (1) the petition is promptly filed; (2) a defense is shown to exist on the merits; and (3) the default is reasonably explained or excused." In *Triolo,* the judgment was entered when answers to interrogatories were not filed twenty (20) days after the due date specified in the order of the court below and almost four (4) months after the date the answers were originally due. In *Farrell,* supra, it was held that the defense was of doubtful validity and reversed the order of the court below opening judgment. In *Ab,* supra, and *Seltzer,* supra, this Court in both cases reversed the order opening judgment below because of dilatory conduct on the part of the defendant without proper explanation or excuse and the failure to set forth meritorious defenses. In the *Ab* case, judgment was entered almost six (6) months after the answer was due, while in *Seltzer,* there was a seven (7) month delay in the filing of answers to interrogatories.

What we said in *Ab,* supra, is especially applicable in the instant case: "It would have been good practice, especially under the circumstances in this case, if in fact a meritorious defense existed, to have attached an answer setting it forth in the petition to open, but although he prepared the petition to open he never prepared an answer." See, *Britton v. Continental Mining & Smelting,* 366 Pa. 82, 76 A. 2d 625 (1950).

The delay of counsel in this case where the only explanation seems to be inadvertence points up the prob-

lem of the courts in the face of public criticism of the legal profession and the court for inordinate delay.

This case to collect a debt due under a contract began on September 16, 1969, and falls well within the public criticism of legal delays. At the hearing on the preliminary objections, a case was also heard in which National Sales Company, Inc., Rochester, New York, was plaintiff with the same defendant. Richard Wenzel claimed in the hearing of the one case that Gilbert Wenzel was the owner involved in the appliance business while Gilbert Wenzel in the other case claimed Richard Wenzel was the owner of the appliance business. This impossible position was never explained to the court and the preliminary objections were very properly dismissed.

There was never any denial of the amount due on the floor plan, but at the hearing it was indicated that the defendant claimed certain credits for failure of warranties. The plaintiff contends that if such credits are due they are due from the service company with which the plaintiff dealt and that even if the credits are against the plaintiff such a claim is not a defense, but a counterclaim which was never asserted either in the petition to open or at the hearing. So, it seems clear that meritorious defense was not set forth in precise, specific, clear and unmistaken terms as required by the law. *Young v. Mathews Trucking Company,* 383 Pa. 464, 119 A. 2d 239 (1956).

The defendant failed to explain his delay in filing the answer except that it was inadvertent and that he did not think counsel would enter judgment. In *Walters v. Harleysville Mutual Casualty Co.,* 417 Pa. 438, 207 A. 2d 852 (1965), a meritorious defense was set forth and the defendant's delay in filing his pleadings was explained as being caused by a busy trial list and business appointments. The Supreme Court held that

the court below properly refused to open the judgment with such unreasonable explanation of the delay. And in *Triolo,* supra, the excuse was that the defendant's counsel was confused by counsel for the plaintiff and believed that counsel was not serious about enforcing the order of the court to file within thirty (30) days. The Supreme Court held that delay was not "reasonably explained".

The order of the Court of Common Pleas opening the default judgment is reversed.

WRIGHT, P. J., would affirm the order below.