## Menaquale v. Cardile

*George J. Brutscher,* for plaintiff.
*Robert J. McDonnell,* for defendants.

WAJERT, J., February 9, 1973.—On June 2, 1972, plaintiff filed his complaint in assumpsit with notice to plead endorsed thereon. The sheriff's return indicates service of the complaint on defendants on May [sic] 5, 1972, said return filed June 6, 1972. On July

14, 1972, at 1:10 p.m., plaintiff filed a praecipe for judgment by default for failure to file an answer and judgment was entered in favor of plaintiff and against defendants. On the same day, at 1:40 p.m., 30 minutes later, defendants filed preliminary objections to the complaint. Thereafter, upon petition presented, the court entered a rule to show cause why the judgment should not be struck and why the judgment should not be opened.

Answers to the petitions were filed and depositions taken. The matter is before the court for disposition.

Attached to the petitions and admitted by way of answer, was a letter from plaintiff's counsel to defendants' counsel which, in part, reads as follows:

"Your letter of June 16 indicates that you might file preliminary objections or in the alternative you would provide me with a date certain when you would prepare a response to the complaint. As a matter of courtesy I agreed to wait a reasonable time for you to file a responsive pleading, however by the time you receive this letter, more than a month will have gone by since you first advised me of your representation, service having been made on June 6, 1972.

"Unless I have a responsive pleading filed of record by July 15, I will have no alternative except to proceed as the law allows. The granting of the extension of time does not work to the interest of my client which I think you can understand.

"Please file your responsive pleading by the above noted date."

July 15, 1972, was a Saturday and the offices at the court house were closed.

As stated in Westinghouse Credit Corp. v. Wenzel, 223 Pa. Superior Ct. 87 (1972), citing Triolo v. Philadelphia Coca Cola Bottling Co., 440 Pa. 164 (1970):

" 'A petition to open a judgment is an appeal to the court's discretion and that this discretion may properly be exercised to grant such a petition if: (1) the petition is promptly filed; (2) a defense is shown to exist on the merits; and (3) the default is reasonably explained or excused.' "

In the petition to strike the default judgment, defendants allege as reason therefor that the sheriff's return is patently in error, since the return indicates the date of service prior to the date the complaint was filed.

In the petition to open the judgment, defendant avers the agreement of counsel as to the extension of time and a defense in that the entry of judgment is barred by the statute of limitations.

Plaintiff's complaint consists of four paragraphs paragraphs 1 and 2 identify the parties; paragraph 3 avers a written agreement for work and services performed by plaintiff. Attached to the complaint and averred as that writing is a printed form judgment note dated March 1, 1962, executed by defendants in favor of plaintiff. Paragraph 4 avers demand by plaintiff and refusal to pay by defendants.

Plaintiff's main thrust is that despite the writings evidencing the extension of time, defendants are not entitled to relief unless they have a valid defense to the claim against them. That defense was asserted by way of preliminary objections, filed of record, not attached to the petitions, but in substance reiterated in the petitions.

We cannot agree with plaintiff. Rule 248 of the Pennsylvania Rules of Civil Procedure permits the modification of time prescribed by the rules by written agreement of the parties. Such agreements should and

must be honored. Cf. Britton v. Continental Min. & Smelt. Corp., 366 Pa. 82 (1950).

Where the default or failure of counsel to act is induced by an agreement of counsel, the reason for relief from the judgment taken by default is strong and persuasive.

Turning then to the question of an adequate defense, the preliminary objections filed of record request that the complaint be stricken for failure to set forth the terms of the agreement or, in the alternative, that plaintiff be ordered to file a more specific complaint. Neither of these requests satisfies the requirement that the petition to open the judgment must show an adequate defense.

The preliminary objections, however, further aver that this action on its face is barred by the statute of limitations. Pennsylvania Rule of Civil Procedure 1030 sets forth that "unless previously raised by demurrer and sustained, the defenses of . . . the statute of limitations, shall be pleaded in a responsive pleading under the heading 'New Matter.'" Defendants have failed to comply with that rule. Accordingly, we enter the following

### ORDER

And now, February 9, 1973, the rule issued August 23, 1972, to show cause why the judgment should be stricken is dismissed. The rule issued September 20, 1972, to show cause why the judgment should not be opened is made absolute. The preliminary objections are dismissed. Defendant is granted 20 days from date hereof to file a responsive pleading.