## Cherry Steel Corporation v. Ashbourne Country Club, Appellant.

434

Argued September 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Gary Green*, with him *William G. Klenk, II*, and *Sidkoff, Pincus, Greenberg & Golden*, for appellant.

*Robert C. Fernandez*, with him *Anthony J. Scirica*, and *McCrory, Scirica, Wentz & Fernandez*, for appellee.

OPINION BY WATKINS, P. J., April 3, 1974:

This is an appeal from an order of the Court of Common Pleas of Montgomery County from the denial of a petition to open a default judgment.

The judgment in question was entered by default in favor of the appellee, Cherry Steel Corporation, and against the appellant, Ashbourne Country Club, in the amount of $24,927.91. It was entered on May 5, 1972. The appellant had entered into a contract with Structures International, Inc. for the construction of an indoor tennis facility. Structures had entered into a contract with the appellee whereby it became a subcon-

tractor for a part of the job. No price was agreed upon under the contract. Appellee performed the work under the contract and was not paid by the contractor or the appellant because they alleged that the appellee's work was not performed according to specifications. An outside firm, Pittsburgh Testing Laboratories, was hired to determine if appellee's material met specifications and they determined they did not.

The appellee filed an intention to file a mechanic's lien on both parties. The owner and the contractor agreed between themselves that the contractor's lawyers would defend the action. Appellee filed a mechanic's lien and complaint naming only the appellant as a defendant. On the 21st day after the filing of the complaint, appellee entered judgment by default against the appellant because of its failure to file responsive pleadings. Twelve days later, appellant filed its petition to open. The court below after hearing denied the petition to open and this appeal followed.

The question before us is whether the court below abused its discretion in denying the petition to open the default judgment. On appeal, the decision of the lower court in granting or refusing such a motion will be reversed only when an abuse of discretion exists. *Westinghouse Credit Corporation v. Wenzel*, 223 Pa. Superior Ct. 87, 289 A. 2d 759 (1972).

The requirements for opening a default judgment are well established. The petition to open the judgment must be timely filed, there must be a reasonable excuse or explanation as to why the defendant did not answer the complaint, and a defense on the merits must be shown. *Spilove v. Cross Transportation*, 223 Pa. Superior Ct. 143, 297 A. 2d 155 (1972).

The appellee admits that the first requirement was met by the appellant in that the petition to open was timely filed. The appellant answers and explains its failure to file in time by showing that it and the general

contractor who were both served with the intention to file the mechanic's lien and agreed that the contractor's counsel would handle the defense and when only the appellant was served with the complaint it was still of the impression that the contractor's counsel would handle the defense and that this shows a reasonable excuse for its one day delay in filing an answer. Appellant also contends that it has shown the existence of a meritorious defense in that it has alleged a breach of contract and set forth with specificity what the defects in the work of the appellee were.

Appellee contends that it has followed the letter of the law in that Rule 1654 and Rule 1656 of the Pennsylvania Rules of Civil Procedure provide that a subcontractor can go directly against the owner of the property in a complaint based upon a mechanic's lien. The name of the contractor must be alleged in the complaint but need not be named as a defendant in the action. Any agreement made between the contractor and owner was irrelevant and the default judgment was properly entered. Appellee also contends that appellant has not gone far enough in setting forth its meritorious defense which requires more specificity.

This is a case where the court below abused its discretion in refusing to open what is palpably a "snap judgment". Unlike *Ab v. Continental Imports*, 220 Pa. Superior Ct. 5, 281 A. 2d 646 (1971), in which the plaintiff waited six months to enter judgment by default, the plaintiff in this case entered judgment by default on the morning of the 21st day despite an earnest plea from the appellant for an extension of several days to allow the defense to be entered.

The court below placed great emphasis at the hearing of the petition on the merits. He seemed to be trying the case on the merits rather than on the equitable petition which was before him. A close examination of

this record shows sufficient specificity of facts to constitute a meritorious defense if proven.

The order is reversed and the judgment by default opened.