## Jost, Appellant, *v.* Phoenixville Area School District.

Argued December 3, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Robert W. Barton*, with him *John D. Killian*, and *Killian & Gephart*, for appellant.

*Sydney H. Weiss*, with him *Ronald J. Examitas*, and *Weiss, Freeman & Goldberg*, for appellee.

OPINION BY SPAETH, J., October 28, 1975:

This appeal is from an order opening a default judgment.

Appellant instituted a suit in assumpsit by filing a praecipe for writ of summons on June 21, 1972; the complaint was filed on October 10, 1972. The next entry on the docket is February 13, 1973, when the default judgment was entered. The petition to open was filed on March 20, 1973. The petition alleged that the delay in answering the complaint had been caused by the efforts of appellee's solicitor to obtain other counsel to represent appellee for this one case, that these efforts were frustrated by this other counsel's busy schedule, and that appellant's counsel had been made aware of this situation and had led the solicitor to believe that no judgment would be entered without explicit notice, which was never given. The petition did not plead a meritorious defense. On April 6, 1973, an answer to the petition was filed. It denied that the solicitor had been misled, and alleged that deadlines had been set and extended several times and that appellee had no right to assume that appellant would not enter judgment when he did.

The factual context of the petition and answer may be gathered from the deposition of appellant's local counsel as well as from several letters. On October 23, 1972, appellee's solicitor wrote appellant's local counsel, saying that he had received the complaint and was in the process of obtaining associate counsel for trial purposes, and requesting additional time to file an answer. Appellant's local counsel acknowledged this letter on October 27, 1972: "I have no objection to granting a reasonable extension of time and do so by this letter. Because I am serving as local counsel, I will contact forwarding counsel, although I am confident he will have no objection. Should I receive instructions to the contrary, I will, of course, contact you prior to taking any action." About a month later, on November 22, appellant's forwarding counsel wrote appel-

lee's solicitor, inquiring about progress in answering the complaint, but still offering "reasonable extensions to accommodate [the solicitor's] calendar and schedule." Apparently no reply was made to this letter, for on December 12 a copy of it was sent, with a request for a reply. Appellant's local counsel sent a similar letter to appellee's solicitor on December 15. Then on December 20, appellant's forwarding counsel wrote the solicitor a letter in which he referred to the solicitor's recovery from an illness and stated, "I shall be expecting a responsive pleading ... by January 10, 1973, if that date is satisfactory to you." When no answer was filed, appellant's local counsel wrote the solicitor on January 22, confirming a telephone conversation in which the solicitor promised an answer by January 26. In his deposition, appellant's local counsel testified that the solicitor had called him on January 28 asking for another extension, and that he had set the final date as February 2 or 6. This conversation was not confirmed in writing.

As has been mentioned, the default judgment was entered on February 13, and on that date appellant's local counsel wrote appellee's solicitor, informing him of the judgment. In his deposition, appellant's local counsel testified that the solicitor called him the next day to tell him that the answer was three-fourths complete. However, when the petition to open was filed, it did not contain an answer, even though it was not filed until March 20, which was five weeks after the judgment had been entered, and one week after appellant's local counsel had notified appellee's solicitor that he had filed a certificate of readiness to proceed to trial on damages.

On July 19, 1973, appellee filed a petition for leave to amend its petition to open the judgment. Appellee was now represented by new counsel, the solicitor having died in May. A stipulation of counsel to allow this amended petition was filed on September 14, but the amended peti-

tion itself was not filed until November 19. Appellant answered the amended petition on November 27.

Nothing happened until February 4, 1974, when appellant filed a rule to proceed under Pa. R. C. P. 209, returnable February 20. On that date, counsel for appellee filed a notice to take the deposition of appellant's local counsel. This deposition was taken on March 7, 1974. The deposition, the letters referred to above, and the docketed papers constitute the entire record. On July 9, 1974, the lower court ordered the judgment opened without an opinion.

A petition to open a default judgment is an appeal to the court's equitable power, and it is thus generally said that the lower court's order, either opening or refusing to open a default judgment, will not be reversed except for an error of law or a manifest abuse of discretion. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973). When the action is in assumpsit, three requirements must be met before a default judgment may be opened: (1) the petition must have been promptly filed; (2) the failure to file a timely answer must be reasonably explained in the petition; (3) a meritorious defense must be incorporated in the petition.[1]

The petition to open was filed on March 20, 1973. While this was a relatively prompt filing, being five weeks after the default judgment had been entered, the petition is defective on its face, for it does not allege a

---

1. The third requirement exists only when the case is one in assumpsit. However, ". . . while a good defense would normally not be required in a trespass action, where present it can at least qualify as an equitable consideration favoring the opening of judgment. In fact, when the equities are not clear, the rule seems to demand a defense." *Balk v. Ford Motor Co.*, 446 Pa. 137, 140 n.3, 285 A.2d 128, 130 n.3 (1971). *See also Zellman v. Fickenscher*, 452 Pa. 596, 307 A.2d 837 (1973); *Beam v. Carletti*, 229 Pa. Superior Ct. 168, 170, 323 A.2d 180, 181 (1974).

meritorious defense—indeed, it does not even allege that one exists—and it incorporates no answer to the complaint. The amended petition does allege that a meritorious defense exists, and it incorporates an answer to the complaint.[2] However, it was not promptly filed, the petition for leave to file it not being filed until July 19, 1973, five months after the default judgment had been entered.

We recognize that there must have been some delay incident to the death of appellee's solicitor. However, even if we were to treat the amended petition to open as having been filed as of the date of the original petition, still, nowhere does there appear either in the petition or amended petition, any reasonable explanation for appellee's failure to file a timely answer to the complaint.

The letter of October 27 granted an extension for a "reasonable time." The letter of November 22, while it did not contain a deadline, expressed concern about when the answer would be filed. When there was no reply to this letter, it was followed by the letters of December 12 and 15, requesting a reply. In the letter of December 20, a specific deadline (January 10) was set. When this was not met, a new deadline (January 26) was set, and was agreed to by the solicitor. When this was not met, a final (February 6 at the latest) deadline was set. Eventually, on February 13, three and one-half months after the first letter allowing an extension for a "reasonable time," and a month after the first deadline, judgment was entered.

The gist of appellee's explanation for its failure to file a timely answer to the complaint is that its solicitor was "lulled into a false sense of security," *Good v. Sworob,* 420 Pa. 435, 438, 218 A.2d 240, 242 (1966), or, as it has also been stated, "lulled into a posture of inaction," *Zellman v. Fickenscher,* 452 Pa. 596, 599, 307 A.2d 837,

---

2. We need not, and therefore do not, decide whether the defense stated in the answer is indeed "meritorious."

838 (1973).[3] However, the record belies this explanation. There is no evidence that appellant's counsel, either local or forwarding counsel, ever promised the solicitor that notice would be given before judgment was entered, and such a promise cannot be inferred from appellant's counsel repeatedly allowing extensions of time. "[T]he defendant would rely on plaintiff's counsel's indulgence as a representation that he would continue to be indulgent, despite the defendant's continued ignoring of the plaintiff's counsel's request and demands for the filing of an answer. Such an argument does not respond to reason or justice." *McDonald v. Allen,* 416 Pa. 397, 399-400, 206 A.2d 395, 396 (1965) (reversing lower court order opening judgment). "The exercise of generosity does not create a binding obligation for its continuance." *Triolo v. Phila. Coca Cola Bot. Co.,* 440 Pa. 164, 167, 270 A.2d 620, 622 (1970) (quoting from *Logan's Estate,* 74 Pa. Superior Ct. 82, 86 (1920) and reversing lower court order opening judgment).

Order reversed.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.

---

3. It is also alleged that appellee's counsel had notified appellee that he would need the aid of additional counsel to work on the case, but that additional counsel had later said he could not help because of his work load. Such an allegation is insufficient. *See, Walters v. Harleysville M. Cas. Co.,* 417 Pa. 438, 207 A.2d 852 (1965); *Spilove v. Cross Trans. Inc.,* 223 Pa. Superior Ct. 143, 297 A.2d 155 (1972); *Westinghouse Cr. Corp. v. Wenzel,* 223 Pa. Superior Ct. 87, 289 A.2d 759 (1972); *Seltzer v. Ashton H. N. and Con. Home,* 221 Pa. Superior Ct. 127, 289 A.2d 207 (1972); *Carrozza v. Girard Chevrolet Co.,* 200 Pa. Superior Ct. 502, 190 A.2d 577 (1963). *But see, S. Jacobs D. Inc. v. Conditioned Air, Inc.,* 223 Pa. Superior Ct. 466, 301 A.2d 907 (1973).