Alliance Discount Corp., Appellant, *v.*
Shaw.

Argued March 22, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Harvey S. Luterman,* with him *Banks, Banks & Luterman,* for appellant.

*John J. Cahill,* for appellee.

OPINION BY WATKINS, J., June 15, 1961:

This is an appeal from an order of the Municipal Court of Philadelphia, making absolute a rule to open a judgment entered by confession by the plaintiff-appellant, Alliance Discount Corp., against the defendants-appellees, Bernard T. Shaw and Katherine F. Shaw.

The facts are as follows: On January 22, 1960, the defendants purchased from Countrywide Motors, a 1957 Cadillac automobile for a cash sale price of $3440. At the same time they executed an installment sale contract in the total sum of $4962.71. The difference

in the cash sale price and the installment price is represented by recording costs, life and car insurance, and the financing charges of $1095.85. The defendants made a down payment of $445 so that the balance covered by the contract was 4517.71. They also executed a detachable one-day judgment note which was a part of the installment sales contract form and which was for the purpose of securing payment. The contract and judgment note were assigned by the seller to the plaintiff-appellant.

The plaintiff entered judgment on the note on February 5, 1960; and on April 6, 1960, the automobile was repossessed and sold at private sale on May 31, 1960 for $1800. The judgment remained unsatisfied.

The defendant, Katherine F. Shaw, now separated from her husband, filed her petition to open the judgment on October 10, 1960, averring as her defense, inter alia, that the plaintiff failed to give notice of the intention to resell the automobile and failed to give the petitioner any notice of the time and place of sale, as required by the Uniform Commercial Code, as amended, 1959, P. L. 1023, §9, 12A PS §9-504 (3), which failure was admitted by the plaintiff.

The provision of the Uniform Commercial Code, supra, pertinent to the question, reads as follows: "(3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposi-

tion is to be made shall be sent by the secured party to the debtor, . . ."

The observation by the court below, in its opinion, is well put. "It is indeed questionable whether there is a 'recognized market' for used automobiles. No other article of commerce is subject to more erratic vacillation in pricing procedures. The so-called 'red book' purporting to fix prices of various makes and models of automobiles in accordance with their year of manufacture is adopted for the convenience and benefit of dealers and is not based on market prices which are arrived at in the open, based on asking prices of sellers and bids of prospective buyers." Notice, as required by the Act, should have been given.

The defendant alleged in her petition that the sale price was grossly inadequate and this was admitted by the plaintiff company in that its answer to this allegation contains only a general denial. Pa. R. C. P. 1029 (b). The answer reads as follows: "It is denied that the sale price of $1,800.00 was grossly inadequate and it is denied that said price did not represent a bona fide sale."

Further, this debtor was given no opportunity to have the reasonable value of the automobile determined upon resale as required by the Motor Vehicle Sales Finance Act, 1947, P. L. 1110, §27, as amended, 1949, P. L. 812, §4, 69 PS §627. This Act provided: ". . . That the buyer may have the reasonable value of the motor vehicle at the time of resale, determined in any action or proceeding brought by the seller or holder to recover the deficiency, the resale price being prima facie, but not conclusive evidence, of such reasonable value and the said reasonable value, as determined, or the resale price, whichever shall be higher, shall be credited to the buyer on account of his indebtedness. In every action or proceeding for a deficiency the buyer may have the reasonableness of the

expense of retaking and storing the motor vehicle determined . . ."

The plaintiff contends that the defendants have no right to have the reasonable value of the automobile, on resale, determined until an action or proceeding is brought to recover the deficiency. When the plaintiff entered judgment on the note it had several avenues to pursue. It could have used the judgment as a means of recovering the entire debt, or it could, as it did, repossess and sell the automobile and utilize the judgment to recover any deficiency. This intent is indicated as the judgment was not satisfied after the sale. Therefore, the action to recover any deficiency has already been brought and defendant is entitled to have the reasonable value of the automobile at the time of resale determined.

Plaintiff agrees that both the Uniform Commercial Code, supra, and the Motor Vehicle Sales Finance Act, supra, apply to this transaction, however, it is argued that defendant is limited in her rights of action to those set forth in §9-504 of the Uniform Commercial Code, upon the failure of the secured party to comply with the Act. While these rights are available to the defendant, she is in no way limited in her means of exercising them. It matters not whether this judgment was entered as purely a collateral proceeding as contended by the plaintiff, or as the first step in an action to collect a deficiency, it is still under the control of the court, and when a prima facie meritorious defense is shown by the defendant, the court may, in the exercise of its discretion, open the judgment.

As the petition is addressed to the sound discretion of the court below the action will not be reversed unless a clear abuse of that discretion appears. It is essentially an equitable proceeding, ruled by equitable principles and there must be averred not only the existence of a valid defense but equitable considerations

606

which appeal to the conscience of the court with the need for relief. This is that kind of case. *Minetola v. Samacicio*, 399 Pa. 351, 160 A. 2d 546 (1960); *Gagnon v. Speback*, 383 Pa. 359, 118 A. 2d 744 (1955).

Order affirmed.