## Scipioni v. Sweitzer

*Thomas A. Ehrgood, of Ehrgood & Ehrgood,* for plaintiffs.

*C. Walter Whitmoyer, Jr.,* for defendants.

MEYER, J., July 17, 1968.—The matter before the court is a petition to show cause why judgment should not be opened.

Petitioners in this action purchased an automobile from respondents' used automobile company on July 26, 1966, under an installment sale contract which was then assigned to Myerstown Bank and Trust Company.

In June, 1967, petitioners defaulted in their payments, and on July 28, 1967, returned the automobile to respondents' car lot.

On August 1, 1967, a registered letter containing a notice of repossession and date of resale of the automobile was sent to petitioners' home address by assignee, but was returned to sender marked "unclaimed".

On August 16, 1967, the automobile was resold at respondents' lot with members of respondents' company and an employe of assignee bank being the only parties present at this bidding and sale. The bid price of $640, as well as the balance due of $598 under the sale contract to the assignee, was paid by respondents' company who then entered judgment on a note for the latter amount.

A rule to show cause why judgment should not be opened and why judgment of record should not be satisfied was granted on October 10, 1967. Respondents answered the petition. Depositions were taken November 3, 1967.

A petition to open judgment is governed by equitable principles and is addressed to the sound discretion of the court. The court, in determining whether to open judgment, has the power to take into consideration both the testimony taken on depositions and the pleadings: Harry Cramer, Inc. v. Morris, 37 D. & C. 2d 747 (1965). The petition to open and the supporting depositions must set forth a meritorious defense in specific and clear terms and establish the equitable considerations to impress the court with need for relief: Harry Cramer, Inc. v. Morris, supra.

In paragraph 3 of the petition, petitioners use as a basis for opening judgment section 627 of the Motor Vehicle Sales Finance Act of June 28, 1947, P. L. 1110, 69 PS §627, under which this particular sales contract falls. Section 627 provides that, ". . . the buyer may have the reasonable value of the motor vehicle at the time of resale determined in any action or proceeding brought by the seller or holder to recover the deficiency, the resale price being prima facie, but not conclusive evidence, of such reasonable value and the said reasonable value, as determined, or the resale price, whichever shall be higher, shall be credited to the buyer on account of his indebtedness".

The action of the judgment creditors in entering judgment on the note and repossessing and reselling the automobile constituted an action or proceeding contemplated by section 627. The act clearly gives the judgment debtor the right to have the reasonable value of the automobile determined: Alliance Discount Corp. v. Shaw, 195 Pa. Superior Ct. 601 (1961); Evans v. Allied Discount Co., 199 Pa. Superior Ct. 239 (1962).

Petitioners' depositions have little or no probative worth in terms of establishing a reasonable value of the automobile at the precise date of resale. They do indicate to the court the need to permit such determination.

Roger Lutz, in his deposition, testified that two months after the resale of the automobile to the Myerstown Auto Company the advertised price of the car on the lot was $1,000 more than the resale price. Respondent, Louis Scipioni, testified that the advertised price at the time of the taking of the depositions was $700 more than the resale price. Respondent indicated repairs were necessary to prepare the automobile after repossession on the market, but there was no testimony to reflect what these repairs entailed nor how much the aforementioned discrepancy price gap was narrowed as a result of the cost of these repairs and expenses. Mr. Mundy, an employe of the bank, testified that the value of petitioners' automobile on the date of resale was $500 to $550.

The spirit and purpose of the Sales Finance Act, supra, is the protection of purchasers of automobiles against unscrupulous practices of some automobile dealers: Roxy Auto Company v. Moore, 180 Pa. Superior Ct. 603 (1956).

Section 602(d) of the Motor Vehicle Sales Finance Act recites that the practices enumerated as well as others equally pernicious have existed to such an extent

that regulation of the installment selling of motor vehicles is necessary to the adequate protection of the public interest. The intention of safeguarding the interests of the buyer demand that all aspects of the resale, such as the method, manner, time, place, and terms, be commercially reasonable: Alliance Discount Corp. v. Shaw, supra.

The manner of the proceedings of the resale of the automobile in this case leaves no doubt that the reasonable value of the car was never determined in any manner contemplated by the Motor Vehicle Sales Finance Act.

No method is prescribed by the act for determining the reasonable value of an automobile on resale. The court is of the opinion that this can be determined in this case by a board of arbitrators. The burden will be on petitioners to overcome the prima facie value of resale.

ORDER

And now, to wit, July 17, 1968, the rule to show cause why the judgment should not be opened is made absolute.