436 A.2d 687

**BENEFICIAL CONSUMER DISCOUNT CO.**

v.

**Julia SAVOY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 9, 1981.

Filed Oct. 30, 1981.

Petition for Allowance of Appeal Granted Feb. 16, 1982.

Michael Donahue, Darby, for appellant.

Alan B. Liss, Philadelphia, for appellee.

Before HESTER, DiSALLE and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal is from the award of a deficiency judgment to Beneficial Consumer Discount Company, following the repossession and resale of Appellant's 1964 Cadillac in which Beneficial held a security interest.

Beneficial loaned Appellant Julia Savoy the sum of $4,752.00 to be repaid in monthly installments. To secure repayment, Beneficial retained a security interest in the 1964 Cadillac. Savoy defaulted on the loan. Beneficial then repossessed the Cadillac. Beneficial sent Savoy two notices by registered mail, which stated the reason for repossession, the time limit for redemption, the balance due on the loan, and the time and place of the proposed resale. The return receipts were signed by an adult living at Savoy's residence over fifteen (15) days before the scheduled resale. The Cadillac was sold at a private sale for $250.00. Beneficial credited the sales price, less expenses, to Savoy's account, then brought this action to recover the deficiency.

At trial, the lower court found that Beneficial's notice to Savoy did comply with the notice provisions of 13 Pa.C.S.A. § 9504(c). The trial judge also determined, however, that the resale of the car for the price of $250.00 was commercially unreasonable and would not permit Beneficial to assess its deficiency using that figure as the value of the car. Instead, the lower court took judicial notice of the Redbook value of the car and reduced Beneficial's deficiency by that amount.[1] Because we agree that the lower court erred in taking judicial notice of the Redbook value of the car, we reverse.

Appellant urges us to hold that when a sale is found to be commercially unreasonable under 13 Pa.C.S.A. § 9504(c), the creditor is barred from obtaining a deficiency

---

1. Beneficial's only evidence at trial was from its own business records. Although other bids were submitted on the car, these were properly excluded upon a hearsay objection. The debtor presented no evidence on value. Thus, no testimony of anything other than the actual sale price was introduced for the purpose of determining the value of the car.

judgment against the debtor. No Pennsylvania court has yet held that a commercially unreasonable resale bars entirely any deficiency judgment. See *Mercantile Financial Corporation v. Miller*, 292 F.Supp. 797 (E.D.Pa.1968); *Atlas Construction Company v. Dravo-Doyle*, 114 P.L.J. 34 (C.P.— Allegheny County 1966); *Family Finance Corporation v. Scott*, 109 P.L.J. 119 (C.P.—Allegheny County 1961).[2] Although other jurisdictions have adopted this position, see *Camden National Bank v. St. Clair*, 309 A.2d 329 (Me.1973), we believe such an approach to be inequitable, especially in light of the additional remedy offered a debtor by 13 Pa.C.S.A. § 9507(a).

■ Alternatively, Appellant argues that failure to comply with 13 Pa.C.S.A. § 9504(c) raises a presumption that the value of the collateral equals the indebtedness secured unless the creditor rebuts the presumption.[3] *United States v. Willis*, 593 F.2d 247 (6th Cir. 1979). Thus, the issue becomes whether Beneficial sustained this burden.

■ Since Beneficial presented no evidence, other than the sale price, the only way the trial court could find in its

**2.** In *Skeels v. Universal C.I.T. Credit Corporation*, 222 F.Supp. 696 (W.D.Pa.1963), vacated on other grounds, 335 F.2d 846 (3d Cir. 1964), the Court barred the creditor from obtaining a deficiency judgment because the notice required by 13 Pa.C.S.A. § 9504(c) was not given. Although Appellant alleges lack of reasonable notice, we do not agree. There is no requirement of actual receipt of notice, provided the secured party takes "such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it." 13 Pa.C.S.A. § 1201. Appellant's contention that the notice is defective because the sale occurred later than the date specified in the notice is meritless. Since the purpose of notification is to provide the debtor with a reasonable period of time to exercise his option to participate in the sale, or otherwise protect his interest, the notice is reasonable even if the sale occurs at a date later than that specified in the notice. See 12A P.S. § 9–504, Comment 5. Here, notice was given over 15 days prior to the date originally scheduled for the resale, which is sufficient.

**3.** Some courts have required the debtor to prove any actual loss sustained. *Leasco Computer, Inc. v. Sheridan Industries, Inc.*, 82 Misc.2d 897, 371 N.Y.S.2d 531 (1975). However, since the creditor is the plaintiff in a deficiency action, we believe the usual burden of proving one's case should not shift to the debtor when the creditor is the one who has violated the commercially reasonable standard.

favor was to take judicial notice of the Redbook value of the car. Judicial notice may be taken only of matters of common knowledge, of facts which are so well known that they are incontestable. *Seibert v. Comm., Unemployment Comp. Bd.*, 44 Pa.Cmwlth. 506, 403 A.2d 1369 (1979). It is difficult to believe that the value of a particular automobile at a particular time, without any information as to its condition, is a matter of common knowledge. As we have said before, the Redbook "is adopted for the convenience and benefit of dealers and is not based on market prices which are arrived at in the open...." *Alliance Discount Corp. v. Shaw*, 195 Pa.Super. 601, 171 A.2d 548, 550 (1961). Thus, the Redbook values cannot be considered matters of common knowledge and it was error to take judicial notice thereof. Since there was no other evidence from which the court could determine value, we must find that Beneficial failed to prove its case.

Reversed and order vacated. We relinquish jurisdiction.