Eugene A. ZIMMERMAN and Marie E. Zimmerman, Plaintiffs-Appellees,

v.

Gerald D. COOK, Ruth E. Cook, Forrest R. Grove and Johanne M. Grove, Defendants and Third-Party Plaintiffs-Appellees,

v.

SMALL BUSINESS ADMINISTRATION, an agency of the United States of America, Third-Party Defendant-Appellant.

No. 81CA1220.

Colorado Court of Appeals, Div. III.

Aug. 26, 1982.

The Small Business Administration (SBA) appeals the summary judgment entered against it and in favor of the third-party plaintiffs, Johanne and Forrest Grove, contending that the trial court erred in its interpretation of the Uniform Commercial Code, § 4–9–504(3), C.R.S. 1973. We agree and therefore reverse.

The following facts are undisputed. Plaintiffs, Marie and Eugene Zimmerman, obtained a loan from SBA to buy equipment for their business, Centennial Self-Service Laundorama. As collateral, they gave a security agreement on the laundry equipment and a deed of trust on their home. Subsequently, Centennial was sold to third-party plaintiffs, Ruth and Gerald Cook and the Groves, who assumed the SBA debt. The Zimmermans, however, were not released as obligors.

The Cooks and the Groves allowed the loan to default, and SBA took possession of the laundry equipment. The agency determined that the equipment should be abandoned and, without prior notice to the Zimmermans, the Cooks, or the Groves, turned it over to another creditor of Centennial, its landlord.

SBA proceeded to sell the Zimmermans' home through the Public Trustee to satisfy the deficiency. The Zimmermans then redeemed their home for $12,000 and sued Cooks and the Groves for breach of contract. The Cooks and the Groves joined SBA as third-party defendant.

The trial court granted summary judgment in favor of the Zimmermans and against the Cooks and the Groves, it entered summary judgment in favor of the Cooks and against the Groves, and it granted a third summary judgment for the Groves and against SBA. Attorneys' fees against SBA were awarded to the Cooks and the Groves. Only the issues relating to the third summary judgment and the award of attorneys' fees are before this court for resolution.

The trial court held, in substance, that the failure of SBA to give notice of disposition of the collateral to the debtors as required by § 4–9–504(3), C.R.S. 1973, extinguished the debt regardless of the value of the collateral. We agree with SBA that *First National Bank v. Cillessen,* 622 P.2d 598 (Colo.App.1980) is dispositive and requires a contrary result.

This court held in *Cillessen* that failure to give notice of disposition of collateral is not a bar to a deficiency judgment, but that the creditor must prove a deficiency exists using evidence other than the sale price of the collateral. The presumption that collateral disposed of without notice has a value equal to the debt is a rebuttable presumption. *See Cillessen, supra.* Accordingly, valuation of the collateral is a fact issue for trial, and summary judgment was improperly entered.

SBA also argues that the trial court erred in awarding attorneys' fees against it. We agree.

SBA may sue or be sued under 15 U.S.C. § 634, but attorneys' fees are not an ordinary incident of suit and are not explicitly mentioned in the waiver of sovereign immunity contained in that section. Where Congress desires that the waiver include attorneys' fees, it has so stated. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 260, 95 S.Ct. 1612, 1623, 44 L.Ed.2d 141, 154–55 (1975); *Cassata v. Federal Savings & Loan Insurance Corp.,* 445 F.2d 122 (7th Cir. 1971).

The judgment is reversed, and the cause is remanded to the trial court with directions to set the matter for trial.

SMITH and KIRSHBAUM, JJ., concur.