468 A.2d 465

**Julia SAVOY, Appellee,**

v.

**BENEFICIAL CONSUMER DISCOUNT COMPANY,
Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1983.

Decided Dec. 12, 1983.

Alan B. Liss, Michael D. Soifer, Philadelphia, for appellant.

Michael Donahue, Darby, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from an order of the Superior Court which reversed and vacated[1] an order of the Court of Common Pleas of Delaware County awarding a deficiency judgment to the appellant, Beneficial Consumer Discount Company (hereinafter Beneficial), following repossession and resale of a vehicle in which Beneficial held a security interest. Beneficial had loaned to the appellee, Julia Savoy, the sum of $4,752.00, with repayments to be made in monthly installments. To secure repayment, Beneficial obtained a security interest in a 1964 Cadillac owned by Savoy. A default in payment occurred in October, 1968, and, as a result of this and of subsequent defaults, the vehicle was repossessed. In January, 1969, it was resold by Beneficial to a used car dealer, via an unadvertised private sales offering, at a bid price of $250.00. Beneficial credited the sale price, less expenses, to the amount owed by Savoy, and the instant action was commenced to recover the balance remaining due on the loan.

The trial court held that resale of the Cadillac for the price of $250.00 was not commercially reasonable, and, hence, rejected Beneficial's computation of the remaining loan deficiency. Rather, the court took judicial notice of the Redbook[2] value of the vehicle and reduced the original deficiency by that amount, awarding judgment for the resulting balance. Savoy took an appeal from the deficiency judgment to the Superior Court, which held that the lower court erred in taking judicial notice of the Redbook value of the vehicle and further held that, when there has been a commercially unreasonable disposition of collateral by a secured creditor, a presumption arises that the value of the collateral was equal to the amount of the indebtedness. On grounds that Beneficial had not sustained its burden of

1. *Beneficial Consumer Discount Co. v. Savoy,* 291 Pa.Super. 649, 436 A.2d 687 (1981).

2. Published by National Market Reports, Inc. for use by automobile dealers.

rebutting that presumption, Superior Court vacated the deficiency judgment. We affirm.

The Uniform Commercial Code confers upon a secured party the right, upon default, to dispose of collateral by sale or lease, 13 Pa.C.S.A. § 9504(a), subject to the requirement that "every aspect of the disposition including the method, manner, time, place and terms must be *commercially reasonable.*" 13 Pa.C.S.A. § 9504(c) (emphasis added).[3] When a private sale of repossessed collateral has been made, and the debtor raises the question of the commercial reasonableness of that sale, the great weight of authority holds that the burden of proof on this issue is shifted to the secured party seeking a deficiency judgment to show that, under the totality of circumstances, the disposition of collateral was commercially reasonable. *United States v. Willis,* 593 F.2d 247, 258 (6th Cir.1979); 59 A.L.R.3d, *Reasonableness of Disposition of Collateral,* § 4, pp. 378–380 (1974); 69 Am. Jur.2d, *Secured Transactions,* § 623, pp. 530–531 (1973).

■ The trial court determined that Beneficial did not sustain its burden of showing that the $250.00 price obtained upon resale, in January, 1969, of the 1964 Cadillac in question was commercially reasonable. Beneficial proffered the Redbook, of which judicial notice was taken, but which tended to indicate, as discussed *infra,* that Cadillacs of the 1964 model year may have had, at approximately the time of the instant resale, values substantially in excess of $250.00. Beneficial entered into evidence a business record showing that a total of three separate bids were received from used car dealers in response to its private sales offering of the Cadillac. The actual amounts of those bids, however, were excluded on grounds they constituted hearsay evidence of value. Significantly, Beneficial did not submit *any* evidence relating to the condition of the automobile at the time of resale. In short, Beneficial failed to establish reasonableness of the resale price procured.

**3.** At the time of the instant repossession and sale of collateral, these provisions were contained in 12A P.S. § 9–504.

■   When there has been a commercially unreasonable disposition of collateral, the issue arises as to the effect of that disposition upon a creditor's entitlement to recovery of remaining debt.   It is the view in certain jurisdictions that when a sale is found to have been commercially unreasonable, the creditor should be barred entirely from obtaining a deficiency judgment against the debtor.   *Western Decor & Furnishings Industries, Inc. v. Bank of America,* 91 Cal. App.3d 293, 154 Cal.Rptr. 287 (1979);   *Miles v. N.J. Motors, Inc.,* 44 Ohio App.2d 351, 338 N.E.2d 784 (1975).   Other courts have held that failure to establish commercial reasonableness of the resale price creates a presumption that the value of the collateral equalled the indebtedness secured, thereby extinguishing the indebtedness unless the secured party rebuts the presumption.   *United States v. Willis,* 593 F.2d 247, 260 (6th Cir.1979);   *In re Bishop,* 482 F.2d 381, 385–386 (4th Cir.1973).   We believe that the latter approach, which was adopted by Superior Court in the instant case, is the more enlightened and equitable.   The former approach, foreclosing a creditor from the possibility of securing any deficiency judgment, would provide the debtor with a windfall relief from his obligation while extinguishing a creditor's right to recover sums truly owed.   Further, in conjunction with the rebuttable presumption now adopted, the debtor's interests are adequately protected by Code provisions allowing the debtor a right to recover any losses caused by a secured party's failure to comply with the requirement that collateral be disposed of in a commercially reasonable manner.   13 Pa.C.S.A. § 9507(a).[4]

The issue that remains, therefore, is whether Beneficial sustained its burden of rebutting a presumption that the value of the 1964 Cadillac equalled the amount of the indebtedness.   As discussed previously, Beneficial failed to enter into evidence proof that the value of the automobile corresponded to the price procured for it, viz. $250.00. Were it not for the fact that the trial court took judicial notice of a Redbook value for Cadillacs of the same model

4.   Formerly 12A P.S. § 9–507.

year, there would have been no basis for a conclusion that the value of the automobile was less than the amount of the indebtedness.

■ The trial court took judicial notice that the Redbook indicated a *wholesale* value for the particular Cadillac model as between $1,100.00 and $1,500.00 as of January, 1968, which was one year prior to the sale of collateral now in question. The court surmised that, due to the passage of that year, the *retail* value at the time of sale in January, 1969 should have been $1,500.00, which figure the court regarded as the vehicle's commercially reasonable value. We believe that, under the circumstances, it was error for judicial notice to have been accorded to the Redbook value of the collateral.

As this Court stated in *Albert Appeal,* 372 Pa. 13, 20, 92 A.2d 663, 666 (1952), "The doctrine of judicial notice is intended to avoid the necessity for the formal introduction of evidence in certain cases when there is no real need for it,—where a fact is so well established as to be a matter of common knowledge." Accord, *Commonwealth ex rel. Duff v. Keenan,* 347 Pa. 574, 582–583, 33 A.2d 244, 249 (1943) ("What is so well known as to be incontestable need not be proved formally."); See also *Sheppard v. Old Heritage Insurance Co.,* 492 Pa. 581, 593, 425 A.2d 304, 310 (1980). The value, however, of a given automobile at a particular time, when, as in the present case, there has been admitted no evidence as to its *condition,* is not an incontestable fact or a matter of common knowledge. In the absence of information regarding a vehicle's condition, there is no basis for comparison of its value with values of vehicles described in Redbook listings.

■ Hence, the trial court erred in concluding that the value of the collateral disposed of by Beneficial was other than, as is to be presumed where there has been a commercially unreasonable disposition of the same, an amount equal to the indebtedness. Beneficial's entitlement to a deficiency judgment has been extinguished by its failure to

rebut the presumption as to the value of the collateral. Superior Court, therefore, properly reversed the order of the trial court and vacated the deficiency judgment.

Order affirmed.