**In re BLUE COAL CORPORATION, Debtor.**

**In re GLEN NAN, INC., Debtor.**

**Bankruptcy Nos. 76–1311, 78–604.**

United States Bankruptcy Court, M.D. Pennsylvania.

March 21, 1985.

See also, Bkrtcy., 47 B.R. 758.

Dolphin, Solfanelli & Butler, Joseph R. Solfanelli, Gerald J. Butler, Scranton, Pa., for McClellan Realty.

Doran & Nowalis, John Doran, Robert Nowalis, Wilkes-Barre, Pa., for Trustee, James Haggerty.

D. Alan Harris, Sp. Deputy Atty. Gen., Chicago, Ill., for Com. of Pa.

John S. Miles, Tax Division, Dept. of Justice, Washington, D.C., for U.S.

**OPINION AND ORDER**

THOMAS C. GIBBONS, Bankruptcy Judge:

The United States of America moved this court for summary judgment pursuant to Bankruptcy Rule 7056 to allow the trustee's Application to Pay Administrative Taxes and to deny an objection filed by McClellan Realty Corporation (McClellan). For the reasons set forth herein, we grant the United States' Motion.

The facts are as follows. On February 14, 1984, the trustee filed an Application to Authorize Payment of Administrative State and Federal Income Taxes due for the fiscal period commencing from the time of the filing of the Petition initiating this proceeding in 1976 to and including the ending of the debtors' fiscal period on June 30, 1983. On September 17, 1984, the trustee filed another application, this time requesting authorization to pay administrative taxes for the fiscal period ending June 30, 1984 and for all future periods in which the trustee determines income taxes are due and owing to the United States or the Commonwealth of Pennsylvania. The trustee filed estimated tax returns for the fiscal period June 30, 1984 and had previously made estimated payments to the Federal Government for taxes totaling approximately $77,000. Deductions were also claimed by the Trustee for accrued interest purportedly due and owing to McClellan as assignee of the debtors' alleged indebtedness to Institutional Investors Trust (ITT). The United States disallowed these deductions because the purported interest obligations were actually contested liabilities and under the IRS Regulations no tax deduction was properly allowable until the obligations were fixed and determined to be actually due and owing. The trustee maintains in his Application to Pay Administrative Taxes that the debtors owe the additional sum of $91,000 in Federal corporate income taxes for the fiscal period ending June 30, 1984. Income taxes are also due and owing to the Commonwealth of Pennsylvania for the same period.

## DISCUSSION

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, which is made applicable to this proceeding through Bankruptcy Rule 7056, summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3rd Cir.1981); *Franklin Federal Savings and Loan Association of Wilkes-Barre v. Ripianzi* (In re Ripianzi), 27 B.R. 15 (M.D.Pa. 1982). Additionally, "the moving party has the burden of demonstrating the absence of any material factual issue genuinely in dispute." *In re Euro-Swiss Int'l Corp.*, 33 B.R. 872, 11 B.C.D. 113 (S.D.N.Y.1983). The plaintiff must "do more than whet the curiosity of the court, he must support vague accusations and surmise with concrete particulars." See *In re Euro-Swiss Int'l Corp.*, citing *Applegate v. Top Associates*, 425 F.2d 92, 96 (2d Cir.1970). The Third Circuit has made it clear "that courts are to resolve any doubts as to the existence of genuine issues of fact against moving parties." *Hollinger, supra; Ness v. Marshall*, 660 F.2d 517, 519 (3rd Cir.1981). In addition, "[i]nferences to be drawn from the underlying facts contained in evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3rd Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). We find the United States has met its burden of demonstrating that there are no genuine issues as to any material facts requiring this court to grant a summary judgment in its favor. We reach this decision because the United States' Motion for Summary Judgment, pre-hearing Memorandum and Memorandum of Law in Support of its Motion for Summary Judgment convinces us that no genuine issues exist to be tried.

The United States supports its Motion for Summary Judgment asserting the debtors' accrued interest deductions on indebtedness owed to McClellan as an assignee of ITT were not properly allowable because the underlying basis of the indebtedness itself was contested and, therefore, pursuant to the applicable IRS Regulations, all events needed to determine the fact and the amount of liability had not occurred for those taxable years (the all events test). The trustee of Blue Coal maintains that the debtors have consistently contested both the mortgage lien and the underlying debt allegedly owed to McClellan. In addition, the trustee joins in the Government's argument that since all events have not occurred to establish the liability to McClellan, the trustee is forced to conclude that he cannot sustain an interest expense deduction. McClellan responds by asserting that contesting a mortgage is not the same as contesting the underlying obligation leading to the mortgage. Therefore, since there is no contest as contemplated by the IRS Regulations, the deductions were properly taken by the debtors. McClellan further argues that if a debtor has a valid obligation regardless of whether it is secured or not, it can accrue interest on that obligation and set forth that interest obligation as a deduction on its tax returns. To support its position, McClellan relies primarily on the case of *Fahs v. Martin*, 224 F.2d 387 (5th Cir.1955). The Government responds to this contention by claiming that even assuming that the trustee attacked only the validity of the mortgage lien and not the underlying debt the effect of that challenge, as a matter of law, rendered the debtors' purported liability for interest a contested liability. The United States argues that if the mortgage is declared invalid the underlying debt would be rendered unsecured. The United States further argues at page 9 of its Memorandum in Support of Motion for Summary Judgment that:

> "At the very least, the prospect of unsecured creditors recovering post-petition interest on their claims is so uncertain that the purported interest obligations of the debtor on such claims could

not possibly be accrued as current obligations under Section 461 of the Internal Revenue Code. All events which would determine the fact and amount of such purported liabilities have not occurred."

We begin our analysis by noting that none of the parties in this proceeding have questioned the trustee's authority to pay accrued administrative taxes. Instead, the objections are directed toward the trustee's decision to make application to pay administrative taxes even though certain interest deductions claimed by the trustee were disallowed by the Internal Revenue Service (IRS). The trustee initially believed deductions of accrued mortgage interest were proper because of the supposed validity of a mortgage securing indebtedness to McClellan. However, the trustee now believes it is in the best interest of the estate to pay all the accrued administrative income taxes because recent decisions in the Middle District of Pennsylvania lend much support to the IRS' objection to the deductions. See *United States v. Gleneagles Investment Co., Inc.*, 565 F.Supp. 556 (M.D.Pa.1983); *United States v. Gleneagles Investment Co., Inc.*, 571 F.Supp. 935 (M.D.Pa.1983); and *United States v. Gleneagles Investment Co., Inc.*, 584 F.Supp. 671 (M.D.Pa.1984).

We continue our analysis by determining whether the trustee in this proceeding did indeed challenge the underlying obligation rather than merely the mortgage representing the underlying obligation. The United States asserts that the debtors' liability to McClellan has been disputed at all times and is the subject of formal challenge in this court. The United States argues that the contest of the underlying indebtedness renders the interest obligation uncertain and thus non-deductible as a matter of law. The Government directs our attention to the applicable Treasury Regulations found in the Internal Revenue Code of 1954 (IRC) and specifically § 1.461–1(a)(2) which provides as follows: "Under an accrual method of accounting, an expense is deductible for the taxable year in which all the events have occurred which determine the fact of the liability...." IRC Regula-

tion § 1.461–1(a)(3)(ii) further provides "where an accrual method taxpayer disputes his liability to pay a claimed amount, any deduction for the liability is postponed until settlement of the dispute by the parties or its final adjudication by the court." Regulation § 1.461–2(b)(2) defines a contest as one arising "when there is a bona fide dispute as to the proper evaluation of the law or the facts necessary to determine the existence or correctness of the amount of an asserted liability." To support its claim that the underlying obligation is indeed disputed the United States directs our attention to a Complaint to Modify or Declare Mortgages Null and Void filed in this court on July 12, 1978. We are specifically directed to Paragraph 8 of the Complaint, which reads that "... the Plaintiff (Trustee) believes and, therefore, avers that no money is due and owing by Blue Coal Corporation to McClellan Realty Corporation as assignee of Institutional Investors Trust...." We find much support in the United States' assertion that the complaint is replete with allegations which if proved would necessitate a finding that the underlying debt was not only contested but indeed null and void. The underlying debt and the mortgages securing that debt have been the subject of much litigation between the parties not only in this court but in the District Court for the Middle District of Pennsylvania. The Middle District, in a series of opinions in *United States v. Gleneagles Investment Company, Inc., supra,* has made a substantial number of findings of fact and conclusions of law concerning the fraudulent conveyance of the mortgages securing the underlying debt in this case. We direct the parties' attention to the *United States v. Gleneagles Investment Company, Inc.,* 584 F.Supp. 671 (M.D.Pa.1984) (hereinafter *Gleneagles*) in which Judge Muir recited the procedural posture of the case and commented that the Trustee in the Blue Coal and Glen Nan case filed a cross-claim in which he sought, inter alia, to set aside the IIT mortgages. In addition to asking the court to set aside the IIT mortgages, the cross-claim does

challenge the underlying debts, specifically in Paragraphs 4 and 5. Paragraphs 4 and 5 read as follows:

"4. In addition to being a fraudulent conveyance as set forth above, the November 26, 1973 Mortgage of IIT, subsequently assigned to McClellan Realty, Inc., is void at the instance of the Trustee since the loan and encumbering of Blue Coal's and Glen Nan's real and personal assets were made for the ultra vires and illegal purpose of acquiring the Stock of the corporations and the mortgage was given without consideration flowing to Blue Coal Corporation and Glen Nan.

5. The assignee of the IIT mortgage, McClellan Realty, knew or should have known the ultra vires and voidable nature of the loan."

The District Court made direct comment on the Trustee's challenge to the underlying debts. The Court's comments can be found at page 680 and 681 of *United States v. Gleneagles, supra.* The District Court in a review of Pennsylvania law wrote at page 680: "When there has been a commercially unreasonable distribution of collateral, the question arises as to the effect of that disposition on the secured party's right to recover the balance of the debt." The United States and the Trustee made two claims in this regard: (1) disposition of the collateral would give rise to a presumption under Pennsylvania law that the value of the collateral sold equaled the debt as secured and (2) if McClellan Realty produced no evidence to rebut this presumption the debt secured by the IIT mortgages would be extinguished. To support this position the Trustee and the United States relied on *Savoy v. Beneficial Consumer Discount Co.*, 503 Pa. 74, 468 A.2d 465 (1983). The District Court, however, upon reviewing the *Savoy* case and Pennsylvania law found the creditor's reliance on *Savoy* misplaced. At page 681, the Court wrote: "We will, therefore, deny the creditors' request that this Court conclude that the debt secured by the IIT mortgages was extinguished because of McClellan Realty's unreasonable foreclosure sales of Raymond Colliery's assets." The import of the District Court's comments lead to an unquestionable finding that not only are the mortgages securing the debt contested, but that the underlying debt itself is contested by the Trustee.

In further support of the United States and Trustee's argument, the Commonwealth of Pennsylvania directs our attention to the Third Party Complaint filed by McClellan Realty in 1978 and specifically directs our attention to Paragraphs 19 and 20 of the complaint which contemplates that the underlying debt and not only the mortgages were indeed contested by the Trustee. Paragraph 19 of the Third Party Complaint reads as follows:

"19. To the extent that the *note and accompanying mortgages* are modified or invalidated by the Complaint of the Trustee in bankruptcy of Blue Coal Corporation, a breach of warranty by the Third-Party Defendant, Institutional Investors Trust, has occurred. (emphasis added).

WHEREFORE, the original defendant, McClellan Realty Corporation, under Count III, prays for (a) judgment against the Third-Party Defendant, Institutional Investors Trust, in whatever sum the *note and accompanying security* is declared invalid..." (emphasis added).

Paragraph 21 of McClellan's Third-Party Complaint reads:

21. The Third-Party Defendant, Institutional Investors Trust, through its own action in possibly failing to procure a fully valid note and accompanying mortgage, has been unjustly enriched and the original Defendant, McClellan Realty Corporation, which, as a good faith purchaser for value, took the note and accompanying security without knowledge that the Third Party Defendant, Institutional Investors Trust, did not have a valid note and fully perfected accompanying mortgage, as the original Defendant believed, and as the Third-Party Defendant, Institutional Investors Trust, warranted. The original Defendant, McClellan Realty Corporation, has, to the

extent that the *note and accompanying security are declared invalid,* suffered loss and damage." (emphasis added).

McClellan's Third-Party Complaint is replete with allegations concerning both the validity of the note and accompanying security and a concern that they may be declared invalid in the event of the bankruptcy of the Blue Coal Corporation. In fact, McClellan pleads in Paragraph 29 that "McClellan Realty Corporation, to the extent that the note and accompanying security given by Blue Coal Corporation are declared partially or wholly invalid shall have sustained damages and loss pro tanto." McClellan saw a need to assert and protect its position in the event that the underlying debt was indeed declared invalid by pleading defenses to that occurrence in its Third-Party Complaint. While we fully appreciate the arguments made by McClellan in this case, we simply cannot agree with its assertion that there has been no contest to the underlying indebtedness claimed by McClellan against the debtor.

Memoranda in support of the Motion for Summary Judgment, the original complaint to modify or declare mortgages null and void filed in this Court in 1978, the findings of fact and conclusions of law of Judge Muir in *Gleneagles, supra,* and the allegations made by McClellan in its Third-Party Complaint all combine to reflect that not only the mortgages securing the underlying debt are contested, but that the underlying debt itself was a contested matter in these proceedings. We, therefore, find that there is a genuine "contest" as contemplated by the IRS Regulations and that the all events test provided for by the Regulations has not been met because all the events needed to occur in order to determine the fact of liability have not arisen. For this reason the objections of McClellan are overruled and the Trustee is granted the authority prayed for in his application to pay administrative taxes.

Finally, we must note that both parties argued and extensively briefed the issue of whether a bankrupt could accrue interest deductions on both secured and unsecured obligations. Because we have determined that there has been a contest regarding the purported indebtedness running from Blue Coal to McClellan dictating this court to overrule McClellan's objections to the Trustee's Application to Pay the Administrative Taxes, we do not need to decide the issue of whether the debtor can accrue interest deductions on both secured and unsecured obligations.

See also Bkrtcy., 47 B.R. 754.