JAMES PAPAS *et al.*, Plaintiffs-Appellants, v. HERBERT SPEIZMAN *et al.*, Defendants-Appellees.

First District (4th Division) No. 86—3063

Opinion filed July 16, 1987.

558

Marshall J. Belgrad, of Chicago, for appellants.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker and Steven P. Garmisa, of counsel), for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs, James Papas and Patricia Papas, and defendants Helen Harris, Jordan Harris, Herbert Speizman and Judith Speizman were co-guarantors on an installment note held by a bank and secured by certain collateral. Upon default, the plaintiffs paid the bank the entire amount of the note. The bank then assigned to the plaintiffs a judgment which had been entered in its favor against defendant Helen Harris as well as its security interest in the collateral. The plaintiffs sold the collateral without giving Helen Harris prior notice of the sale, then filed a contribution action against Harris to recover the proportionate amount which she owed on the note. Harris filed a motion for summary judgment on the grounds that the plaintiffs failed to give her prior notice of the sale of collateral as required by the section 9—504 of the Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 9—504(3)). The trial court granted summary judgment in favor of Harris and against the plaintiffs, and the plaintiffs have appealed, contending that section 9—504 of the Uniform Commercial Code does not apply in an action for contribution against a co-guarantor.

The undisputed facts are that the plaintiffs and defendants were

co-guarantors of an installment note in the amount of $122,000 payable to the Riverside National Bank. The principal obligor on the note was a restaurant joint venture known as Fox Valley Ribs and Chicken, Inc. The restaurant equipment served as the collateral securing the note.

The restaurant subsequently defaulted on the note, and the bank brought an action against all of the co-guarantors. Following the entry of judgments against them, defendants Herbert Speizman and Judith Speizman filed for bankruptcy. A short time later, defendant Jordan Harris also filed for bankruptcy, and a judgment was entered against defendant Helen Harris in the amount of $122,589.68 plus costs.

Faced with the prospect of having a judgment entered against them, the plaintiffs executed a new promissory note which included payment of the entire amount due on the original note. In return, the plaintiffs received an assignment of the bank's judgment against Helen Harris as well as an assignment of the bank's security interest in the collateral. Asserting their rights as secured parties, the plaintiffs obtained possession of the collateral. Without giving prior notice to Harris, they sold the collateral through a consignment agreement. According to the plaintiffs, they received a net total of $8,864.24 in checks and cash for the collateral.

The plaintiffs then brought an action for contribution seeking to recover from Helen Harris, the only solvent co-guarantor, her proportionate share of the debt. Harris filed a motion for summary judgment, contending that the plaintiffs were secured parties by virtue of having received an assignment of the collateral from the bank and were therefore required by section 9—504(3) of the Uniform Commercial Code to give her prior notice of the sale of the collateral. She further asserted that the sale was not conducted in a commercially reasonable manner, thereby resulting in a presumption that the amount obtained for the collateral equaled the amount of the debt. The trial court held that, as a matter of law, the sale was not conducted in a commercially reasonable manner and accordingly granted summary judgment in favor of Harris and against the plaintiffs.

The plaintiffs contend on appeal that the notice requirement of section 9—504 does not apply to the instant cause because it is an action to recover contribution from a co-guarantor rather than an action to recover a deficiency judgment. They do not challenge the trial court's ruling that, as a matter of law, the sale of the collateral was not conducted in a commercially reasonable manner.

■ Section 9—504(3) of the Uniform Commercial Code specifies

the rights and duties of a secured party with respect to the sale of collateral upon the debtor's default. The statute provides in pertinent part as follows:

"Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale." (Ill. Rev. Stat. 1985, ch. 26, par. 9—504(3).)

The statute then provides that "[a] person who is liable to a secured party under a guaranty *** and who receives a transfer of collateral from the secured party *** has thereafter the rights and duties of the secured party." (Ill. Rev. Stat. 1985, ch. 26, par. 9—504(5).) In *First Galesburg National Bank & Trust Co. v. Joannides* (1984), 103 Ill. 2d 294, 469 N.E.2d 180, the Illinois Supreme Court held that the failure of a secured party to give the required prior notice of sale of the collateral to the debtor will result in a rebuttable presumption that the amount received from the sale was equal to the amount owed by the debtor. To rebut the presumption, the secured party must prove that the sale was conducted in a commercially reasonable manner and that the amount received from the sale was less than the amount owed on the debt.

Applying the above propositions of law to the facts of this cause, it appears that when the plaintiffs received an assignment of the collateral from the bank, which was a secured party, they received the rights and became obligated to perform the corresponding duties of the secured party, including the duty to give to the debtor prior notice of the sale of the collateral. Their failure to do so resulted in a presumption, which they failed to rebut, that the amount they received from the sale was equal to the amount of the debt owed by Harris.

The plaintiffs argue, however, that in filing an action for contribution against Harris they were acting in their capacity as co-guarantors rather than in their capacity as secured parties. They contend

that the reasons underlying the notice requirement are not present in a contribution action because the person seeking contribution also bears a proportionate share of the debt. Thus, such person would "necessarily" use his best efforts to sell the collateral at the highest price and accordingly reduce his share of the debt.

■ We are not persuaded by this argument. The plaintiffs may have been acting in their capacity as co-guarantors when filing this lawsuit, but they were clearly asserting their rights as secured parties in obtaining possession of and selling the collateral. The wording of section 9—504 of the Uniform Commercial Code plainly and unambiguously states that along with these rights comes the corresponding duty of giving prior notice of the sale of collateral to the debtor. The only case which the plaintiffs cite as authority for their argument is *Midwest Bank & Trust Co. v. Roderick* (1985), 132 Ill. App. 3d 463, 476 N.E.2d 1326, which we find readily distinguishable from the case at bar. In *Midwest*, a debtor sold collateral in its possession to reduce the amount of the debt owed to the secured party without giving prior notice of the sale to a co-debtor. In holding that no notice was required, the court found that the debtor was not a secured party under the Uniform Commercial Code. In contrast, the plaintiffs have received the collateral through an assignment from a secured party and therefore became obligated to perform the duties incumbent upon the secured party with respect to the disposition of the collateral. Ill. Rev. Stat. 1985, ch. 26, par. 9—504(5).

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.