## Turner v. National Bank of Olyphant

*Myles R. Wren,* for plaintiff.
*Carmen A. Minora,* for defendant.

O'MALLEY, *J.,* March 5, 1991—The facts and allegations which we must consider in determining the motion for summary judgment before us are essentially this: Plaintiff, Virginia Turner, has filed a replevin action against the National Bank of Olyphant for the return of certain of her securities deposited with the bank. The bank claims, in an action for declaratory judgment, that Turner deposited these securities as guarantor for loans made to one Joseph Kacaba with Kacaba subsequently defaulting on these loans and becoming bankrupt. Turner, in her motion for summary judgment, asserts that the bank had collateral for these loans in the form of four vehicles owned by Kacaba; that these vehicles were sold without notice to Turner; that the sale proceeds were applied to the said loans; that this lack of notice was in violation of the Uniform Commercial Code, 13 Pa.C.S. §9504; and that, therefore, the bank is not entitled to a deficiency judgment as a matter of law and Turner should be discharged from her obligation under the

alleged guarantee. The bank admits that no notice of sale of the vehicles was given to Turner.

Because the effect of a summary judgment is to put one party out of court, it should be granted only in the clearest of cases. *Jefferis v. Commonwealth,* 371 Pa. Super. 12, 537 A.2d 355 (1988). It is well-established that a court can sustain a summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The record must be examined in the light most favorable to the non-moving party. A summary judgment should be granted only when the case is clear and free from doubt. Further, all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. *Jeffries v. McCague,* 242 Pa. Super. 76, 363 A.2d 1167 (1976).

The motion for summary judgment will be denied.

At this juncture of the case we are asked to decide whether a lender, who, after default by its debtor, repossesses collateral and conducts the sale thereof, is barred from suing for a deficiency because he failed to notify the guarantor of the time and place of the sale prior thereto, or within a reasonable time thereafter.

The pertinent part of 13 Pa.C.S. §9504(c) reads as follows:

"(c) *Manner of disposition*—Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be

commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale. . .."

The purpose of the notice of disposition of collateral is not merely to enable the debtor to protect his or her interest in the collateral by paying the debt but also to guard him or her from unfair imposition of a deficiency claim by allowing him or her to attend or bring other potential buyers to the sale and thus prevent a disposition of the collateral for less than its fair market value. *In re Koreski,* 91 B.R. 689 (Bankr. E.D. Pa. 1988). Notice provisions are also designed to protect the debtor from any form of double recovery by the secured party. *Security Pacific National Bank of Geernaert,* 199 Cal. App. 3d 1425, 245 Cal. Rptr. 712 (1988).

The bank has conceded that Turner, as a guarantor, is a debtor. This appears to be prevailing opinion. See *First National Bank & Trust Company v. Hughes,* 332 N.W. 2d 674 (Neb. 1983); *United States on behalf of Farmers Home Administration v. Kennedy,* 348 S.E.2d 636 (Ga. 1986); *Westmont Tractor Company v. Continental 1 Inc.,* 731 P.2d 327 (Mont. 1986).* Furthermore, this is how we read the definition of "debtor" in 13 Pa.C.S. §9105.

---

\* But see *Rutan v. Summit Sports Inc.,* 173 Cal. App. 3d 965, 219 Cal. Rptr. 381 (1985), which held a guarantor was not a debtor within the meaning of California's UCC, and guarantee agreement signed by guarantor waived right to notice of sale under section 9504.

This brings us to the primary question here involved, that is, no notice of the sale of the vehicles having been given to Turner, is the bank barred, as a matter of law, from collecting a deficiency judgment versus Turner? This query has been raised and dealt with in other states and at least peripherally in Pennsylvania. "While the code is uniform, its interpretation in this respect is not." *Atlas Thrift Co. v. Horan,* 59 ALR 3d 389, 393 (Cal. 1972).

"The Uniform Commercial Code does not specifically state the consequences of a failure to give notice or to give proper notice of a resale of the collateral following default. . . .

"It has been held that failure to give notice results in loss of the right of the secured party to a deficiency judgment following resale, and there has been some indication that failure to give notice together with other conduct of the secured party represented an accord and satisfaction, thereby releasing the debtor from further liability. On the other hand, there are decisions to the effect that a deficiency judgment will not be precluded because of such failure." 69 Am. Jur. 2d *Secured Transactions* §616.

An article dealing with these two points of view will be found in 59 ALR 3d 401. In all fairness it should be pointed out that *General Electric Credit Corp. v. Schaffer,* 34 Lehigh L.J. (1970), in Turner's brief is cited in that article as supporting the first viewpoint above mentioned. There was also cited for that particular proposition *Skeels v. Universal C.I.T. Credit Corp.,* 222 F.Supp. 696 (Pa. 1963), vacated on other grounds 335 F.2d 846. Furthermore, in 69 Am. Jur. 2d, *supra,* the case of *Alliance Discount Corp. v. Shaw,* 195 Pa. Super. 601, 171 A.2d 548 (1961), was cited for that same point.

However, we believe we must be governed by the Pennsylvania Supreme Court case of *Savoy v. Beneficial Consumer Discount Company*, 503 Pa. 74, 468 A.2d 465 (1983). We are mindful of Turner's argument that "failure to notify guarantor" and "failure to hold a commercially reasonable sale" are two entirely different concepts with the Supreme Court's attention being directed to the latter in *Savoy* (notice having been given to the debtor according to the Superior Court decision at 291 Pa. Super. 649, 436 A.2d 687 (1981)). Nevertheless, we would like to point out that not all decisions differentiate between the two conceptions. In *Conrail Leasing Partners Ltd. v. Consolidated Airways Inc.*, 742 F.2d 1095 (7th Cir. 1984), the sale of a plane was commercially unreasonable under UCC section 9504 because adequate notice of sale was not given by the creditor. In *Washburn v. Union National Bank & Trust Company*, 502 N.E.2d 739 (Ill. 1986), the sale by the creditor bank of the debtor insurance company's "Ginnie Mae" bonds (loan collateral) without prior notice to the debtor did not violate the commercial reasonableness requirement of UCC section 9504.

But even if this difference is accepted, we are persuaded, from the language appearing in *Savoy*, that the Supreme Court's reasoning, while referring to commercial reasonableness, was also meant to equally apply to notification. The Supreme Court said:

"When there has been a commercially unreasonable disposition of collateral, the issue arises as to the effect of that disposition upon a creditor's entitlement to recovery of remaining debt. It is the view in certain jurisdictions that when a sale is found to have been commercially unreasonable, the creditor should be barred entirely from obtaining a defi-

ciency judgment against the debtor. . .. Other courts have held that failure to establish commercial reasonableness of the resale price creates a presumption that the value of the collateral equalled the indebtedness, thereby extinguishing the indebtedness unless the secured party rebuts the presumption. . .. We believe that the latter approach, which was adopted by Superior Court in the instant case, is the more enlightened and equitable. The former approach foreclosing a creditor from the possibility of securing any deficiency judgment, would provide the debtor with a windfall relief from his obligation while extinguishing a creditor's right to recover sums truly owed. Further in conjunction with the rebuttable presumption now adopted, the debtor's interests are adequately protected by code provisions allowing the debtor a right to recover any losses caused by a secured party's failure to comply with the requirement that collateral be disposed of in a commercially reasonable manner. 13 Pa.C.S. §9507(a)."

Precisely the same rules, (1) the presumption that the collateral was worth at least the amount of the debt and (2) that section 9507 provides the protection for wronged debtors have been followed by courts in cases involving failure of a secured party to give notice of the disposition of collateral. See 59 ALR 3d 412, sections 4, 5, 6. See also, *Church v. Mickler,* 287 S.E.2d 131 (N.C. 1982): Although lack of notice by the creditor raises a presumption that the collateral was worth at least the amount of the debt, this presumption is not conclusive and may be overcome by the creditor's proving that the collateral was sold at market value, and that the market value was less than the amount of the debt. *Hall v. Owen County State Bank,* 370 N.E.2d 918 (Ind. 1977): Notwithstanding the creditor's failure to no-

tify the debtor as required by UCC section 9504, the creditor has the right to bring an action for a deficiency judgment since the debtor, under section 9507, has a right of action against the creditor for the latter's failure to proceed properly with the sale of collateral. However, if the creditor sells collateral without giving the debtor the required notice, he must then prove, in his action for deficiency judgment, that the reasonable value of the collateral at the time of the sale was less than the amount of debt owed by the debtor. *Associates Financial Services Co. v. DiMarco,* 383 A.2d 296 (Del. 1978): There is no specific section of the UCC that requires the barring of a deficiency judgment as a penalty for failure to comply with the notice provisions. Section 9507 permits the debtor to recover from the creditor "any loss caused by failure [of the creditor] to comply with the provisions of this" statute. This provision has been interpreted to place the burden of proof upon the creditor to show regularity of sale and to create a presumption that the value of the collateral equalled the debt. *Hock v. Ellis,* 627 P.2d 1060 (Alaska 1981): If notice of sale of collateral was not given or sale was not commercially reasonable as required by UCC section 9504, the secured party has the burden of rebutting, by clear and convincing evidence, the presumption that the collateral's fair market value was at least equal to the amount of debt. If the secured party failed to satisfy his burden of proof, the presumption leads to the conclusion that the entire debt is discharged. *Commercial Credit Corp. v. Wollgast,* 521 P.2d 1191; *Savings Bank of New Britain v. Booze,* 382 A.2d 226 (Conn. 1977); *Mack Financial Corp. v. Scott,* 606 P.2d 993 (Idaho 1980); *Zimmerman v. Cook,* 651 P.2d 910 (Colo. 1982); *Papas v. Speizman,* 511 N.E.2d 768 (Ill. 1987).

*First Galesburg National Bank & Trust Co. v. Joanides,* 469 N.E.2d 180 (Ill. 1984), concerned an action for a deficiency judgment against the guarantors of a corporate debtor's obligation following the debtor's default and the creditor's sale of collateral (car inventory) without notice to the guarantors required by section 9504. The rebuttable presumption rule applied under which (1) the creditor's failure to give notice raised the presumption that the value of the collateral equalled the debtor's obligation; (2) the rebuttal of such a presumption by the creditor, coupled with a showing that the sale was commercially reasonable under section 9504, entitled the creditor to maintain a deficiency action against either the debtor or the guarantor of the debtor's obligation; and (3) any loss sustained by the debtor as a result of the creditor's failure to give notice was recoverable under section 9507 and could be set off against the debtor's deficiency.

In *General Electric Credit Corp. v. Schaffer, supra,* the court did not have before it the exact dollar value of the items sold without notice and further commented that, in any event, this dollar amount was only a part of the larger claim the plaintiff was pressing in its assumpsit action. In *Skeels v. Universal C.I.T. Credit Corp., supra,* the court commented that it was the secret disposition of collateral by chattel mortgage owners and others which the code sought to correct and that a secured party who disposes of collateral without notice denies to the debtor his right of redemption. In *Alliance Discount Corp. v. Shaw, supra,* the matter involved the repossession and sale of an automobile which had been financed with an installment sale contract. The car was sold for $1800 and the total contract sum was $4962.71, the sum involved being relatively modest. The Superior Court observed the

finance company had admitted in its pleading the sale figure of $1800 was grossly inadequate. The point we seek to make by discussing these cases is that the facts and circumstances attending them were quite different from those in the case before us.

Here, we are dealing with a guarantor, not a debtor. The items sold constituted only a part of all the collateral. Turner does not allege that the vehicles were sold at less than their fair market value. Lack of notice would not serve to alert her to pay the debt to forestall the sale since she obviously has no intention of willingly paying the same. Nor would she have any reason to buy, at repossession sale, the vehicles belonging to a bankrupt debtor. There is no hazard of double recovery as the bank has applied the proceeds of the sale to the alleged guaranteed debt. Finally, there appears to be an enormous disparity between the value of the vehicles and the amount of indebtedness the bank claims Turner guaranteed. The amount of the loans the bank alleges are guaranteed comes to some $135,448.16. (Sawchak dep. 1/17/90, exh. 5.) An examination of the bids submitted on the vehicles, in a variety of permutations, indicates the best amount that could be realized would not exceed $11,000. (Sawchak dep. 1/17/90, exh. 8; Casagrande dep. at 28-33.) Thus, to hold that failure to give notice of the vehicle sale to Turner absolutely bars a deficiency judgment would provide her with a huge windfall which our Supreme Court in *Savoy v. Beneficial Consumer Discount Co.* says should be avoided.

What Turner has done by raising the defense of lack of notice is to create a rebuttable presumption that the collateral disposed of without notice had a value equal to the debt. Therefore, summary judgment cannot be granted.

"In summary, the Uniform Commercial Code applies a standard of commercial reasonableness to the disposition of collateral by a creditor. In view of the imprecision of that standard, it is not in harmony with the concept of reasonableness which permeates that portion of the act to hold that the creditor acts at the peril of his losing his right to deficiency judgment if he errs in good faith in applying that standard. . ... Ample compensatory protection for the debtor exists under [section 9507] . . . by which any loss suffered by the debtor may be offset against the deficiency judgment or may result in judgment for the debtor supported by a presumption favorable to the debtor. To permit more benefit for the debtor is to impose a penalty not justified by the equities of the ordinary debtor-creditor situation." *Associates Financial Service Co. v. DiMarco, supra,* at 302.

## ORDER

Now, March 5, 1991, for the reasons set forth in the accompanying opinion, the motion of plaintiff, Virginia Turner, for summary judgment is denied.